## HENRIETTA FOWLE *vs.* ELBRIDGE TORREY.

Suffolk. March 15. — June 28, 1881. COLT, LORD & DEVENS, JJ., absent.

A bill in equity alleged that the plaintiff lent money to a partnership, of which the defendant and another person were members; that, on the dissolution of the firm, it was agreed between the partners that the defendant should take the assets of the firm and pay all the liabilities, and indemnify his partner against them; and that the plaintiff's debt was still due. *Held*, on demurrer, that the other partner was a necessary party to the bill.

BILL IN EQUITY, filed February 28, 1880, alleging that the plaintiff is the wife of George E. Fowle, who, with the defendant, formed a copartnership under the style of Fowle, Torrey & Company, as dealers in carpets in Boston; that she deposited or lent to said firm different sums of money, all from her separate estate, at different times, from September 1, 1869, until the dissolution thereof, taking generally, at the times of such loans, the notes or receipts of the firm for the money, the firm promising to pay her back the same, or any portion thereof, on demand, with interest thereon at eight per cent per annum; that an account of said dealings with the firm, including debits, credits and interest, up to April 27, 1876, was furnished by the defendant to the plaintiff, showing a balance due to her on that date of $2881.79, and interest from June 30, 1875, which she believes to be correct; that, at the dissolution of the firm, the defendant took all the assets thereof, which he told the plaintiff were largely in excess of the liabilities; that she is informed that all the liabilities of the firm, excepting her claim, have been paid; that, after the dissolution of the firm, she requested the defendant to pay her claim; that he admitted his liability to pay her claim, and at no time refused to pay the same, and requested

her to give her notes to George E. Fowle for the purposes of payment, which she did, believing that the defendant would pay them; that subsequently the defendant said he had the notes, that they had been paid and allowed in his settlement with George E. Fowle, who was largely indebted to the firm and the defendant individually, and that all the defendant's liability to the plaintiff had been discharged by George E. Fowle, who had appropriated the money due to the plaintiff in the settlement of his liability to the defendant, all of which was without the plaintiff's consent or knowledge; and that the plaintiff has since repeatedly demanded of the defendant her notes, or the payment of her claim; which he refuses, on the ground that he has settled and paid the same to George E. Fowle, and is under no liability to the plaintiff.

The prayer of the bill was that the defendant might be ordered to state a full and correct account of the moneys received by him, either alone or as a member of the firm of Fowle, Torrey & Company, from the plaintiff; and that he be ordered to pay the amount due, with interest, to the plaintiff; and for general relief.

An amendment of the bill, filed December 24, 1880, alleged that the plaintiff was informed and believed that, in the settlement claimed to have been made between the defendant and George E. Fowle, it was agreed between them that the defendant should assume and pay all the liabilities of the firm, and indemnify and hold George E. Fowle harmless against them, and the defendant should have as his own property any assets there might be over and above the liabilities, in which assets George E. Fowle should have no interest whatever; and that George E. Fowle has now no interest whatever in the assets of the firm.

The defendant demurred to the bill, assigning as grounds of demurrer: 1. That George E. Fowle is a necessary party to the bill. 2. That the plaintiff has a complete and adequate remedy at law. 3. Want of equity.

At the hearing, the demurrer was sustained; and the plaintiff appealed to the full court.

*J. Nickerson,* for the plaintiff.

*E. W. Hutchins & J. H. Young,* for the defendant.

ENDICOTT, J.  The bill prays, among other things, that the defendant may be ordered to state a full and correct account of the money received by him from the plaintiff, either alone or as a member of the firm of Fowle, Torrey & Company. We are of opinion that George E. Fowle is a necessary party to the bill. The notes which the plaintiff seeks to enforce against the defendant were the notes of the firm of Fowle, Torrey & Company. It has been decided by this court, that a partner who has received an assignment of all the partnership property, and executed a bond to his retiring partner to assume and pay the partnership debts, does not become liable to pay a debt due from the firm to a creditor, without evidence of an express or implied assent by him to pay the same to the creditor as his private debt. *Wild* v. *Dean*, 3 Allen, 579, and cases cited.

There is no allegation in this bill that the defendant agreed to assume and pay these notes to the plaintiff as a private debt. If he made such a promise, in a manner binding upon him, it would seem that the plaintiff would have a complete remedy at law. But the only point we decide in this case is, that the bill cannot be maintained without making Fowle a party. Upon the other questions argued at the bar, and upon the question whether it can be maintained in its present form without further amendment, we express no opinion.          *Demurrer sustained.*