JEFFERSON v. CONWAY COUNTY BRIDGE DISTRICT.

Opinion delivered February 21, 1921.

BRIDGES—LIST OF LANDS SUBJECT TO TAXATION.—Failure of the secretary of the board of commissioners of a bridge district to file with the county clerk a list of lands subject to taxation in the year 1919, as required by Acts 1917, p. 314, did not defeat the right of the district to sue to enforce the collection of the assessments for that year, where a correct list had been furnished to the clerk by the secretary for the year 1917; no change having been made in the assessments since 1917.

Appeal from Conway Chancery Court; *Jordan Sellers,* Chancellor; affirmed.

*J. Allen Eads,* for appellant.

Under the rule of construction universally followed by this court the chancery court should have denied the complaint of appellee and rendered a decree for appellant and dismissed the complaint. The secretary of the board did not certify to the clerk of the county court the taxes to be collected for the year 1919. The appellants were not entitled to the relief prayed for under the proof. Act No. 71, Acts 1917, § 12. The statute must be strictly construed and strictly complied with.

*Edward Gordon, Sellers & Sellers* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

It was not necessary for the secretary of the district to annually file with the clerk of the county a list of the lands subject to taxation with the amount of taxes assessed against each tract. See act 71, Acts 1917, §§ 9, 12, etc. The correct amount of taxes was shown by the tax books. The provisions of section 12 are directory

merely.  It was unnecessary for the secretary to strictly pursue a mere form of procedure that was unnecessary in this case and a waste of effort.  Other sections of the act provide for the assessment of benefits and the levy of the annual installments of taxes to be paid in each year. See 40 Ark. 34; *Ib.* 491; 64 *Id.* 395; 98 *Id.* 505.  It is not necessary to follow the literal language of the provisions of section 12 in regard to the annual list to be furnished the county clerk.  116 Ark. 538; 133 *Id.* 491.

SMITH, J.  Appellant owns real estate in the Conway County Bridge District, and seeks by this suit to enjoin the collector of taxes and the commissioners and officers of the district from returning his land as delinquent for the taxes for the year 1919.  The basis of the suit is that the secretary of the district did not certify to the clerk of the county court the taxes to be collected for the year 1919.

The secretary of the board made a certificate which the parties agreed should be treated as an agreed statement of facts.  It there appears that in the year 1917 the secretary of the board, under the directions of the board, filed with the clerk of the county court, a list of all the property subject to taxation within the district, with a tax of five per cent. extended thereon against the amount of benefits assessed against each particular piece of property.  That by proper resolution the same rate had been fixed for the years 1918 and 1919, for and in each of which years the secretary had personally directed the clerk of the county court to continue to use the list which he had originally filed for the year 1917.  In other words, the assessments for the years 1917, 1918 and 1919, and subsequent years, were made by the same resolution, and for each of those years the resolution directed a collection of five per cent. of the assessed betterments, and the resolution further directed the annual collection of these installments, a copy of all of which was filed in 1917 with the list of the lands.

Section 12 of the act under which the district was organized (Act 71, Acts 1917, vol. 1, page 314) provides

that "the secretary of the board shall annually deliver to the county clerk, before he has made up the tax books, a list of all the property subject to taxation thereunder within the district, with the amounts assessed against each tract to be paid at the next collection of taxes." Appellant's insistence is that the failure of the secretary to file a list of lands subject to taxation in the year 1919 defeats the right of the district to sue to enforce the collection of the assessments for that year.

We do not concur in this view. Other sections of the special act provide for the assessment of the benefits and for the levy of the annual installments thereof to be paid in each year, and make the same a lien upon the property in the district, which continues until the assessments are paid. The board, by proper resolution, had discharged its duty under the statute, and the secretary had furnished the county clerk a certificate showing the lands taxed.

It was, of course, essential that a list of the lands be furnished the clerk showing the lands taxed and the amount of the assessments against the respective tracts, and additional lists would necessarily be required to cover any changes made either in the lands or in the amount of assessments. The statute does not require an annual certificate from the secretary of the board to confer authority to collect the taxes. It does require an annual list, but we perceive no reason why a correct list once furnished should not be used until some change in the assessment made a new or revised list necessary. The purpose of the statute quoted was evidently to convey information to the clerk, and not to confer authority. The collection was not made by the clerk. This information was obtainable from the secretary of the board. It was the duty of that officer to furnish it, and it is agreed that "the said clerk has since the filing of said list used said list in extending the taxes each year after being verbally directed to do so each year by the secretary of the board of commissioners."

We think there was a substantial compliance with the requirements of the statute, and the decree of the court denying appellant the relief prayed is affirmed.