JOHN B. DONOVAN & others *vs.* OSCAR L. DANIELSON & others.

Suffolk.    December 8, 11, 1922. — March 28, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Voluntary Association. Equity Pleading and Practice,* Parties. *Equity Juris-- diction,* To enforce trust. *Trust.*

If the by-laws of a voluntary association called a Grand Court provide that "All suits at law, as complainant or defendant, or for the recovery of prop- erty or money, shall be conducted by the Executive Council in the name of the Grand Court, and in case of necessity the Executive Council may engage counsel," the Executive Council cannot bring a suit in equity in their individual names as such Executive Council, where it is not alleged in the bill either that the individual members of the association are too numerous to be joined as. plaintiffs or that the suit is brought on behalf of the plaintiffs' associates in membership in the association.

A bill in equity against six named officers of a voluntary association "and each. and every the other members" of the association, "who are too numerous to be herein named individually and whose names are to the plaintiffs unknown and who are fairly represented by the above named defendants," is not de-- murrable on the ground of non-joinder of defendants.

A bill in equity against a voluntary association and its treasurer seeking an ac-- counting as to a trust fund in which the plaintiff has an interest is not demur- rable on the ground that the plaintiff has a plain, adequate and complete remedy at law.

BILL IN EQUITY, filed in the Superior Court on June 30, 1920,. by five men, "as they are the Grand Executive Council of and in the name of and as the Grand Court of Massachusetts, Foresters of America," against six men, each described as a defendant. "individually and as he is or was," respectively, treasurer, trustee, financial secretary, recording secretary, chief ranger, or sub--

chief ranger, of Court Gustaf Wasa, Foresters of America, "and each and every the other members of said Court Gustaf Wasa who are too numerous to be herein named individually and whose names are to the plaintiffs unknown and who are fairly represented by the above named defendants."

The substance of the allegations of the bill is described in the opinion. The defendants demurred on grounds set out in the opinion. The demurrers were heard by *Lawton,* J., and were overruled.

The suit afterwards was heard by *Hammond,* J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Upon request of the defendants under G. L. c. 214, § 23, the judge also filed a statement of findings of facts.

By order of the trial judge, a final decree was entered that the plaintiffs as the Grand Court of Massachusetts of the order of Foresters of America were entitled to the possession and control of the funds and property formerly held by the defendants as members of Court Gustaf Wasa, a subordinate Court of said order, to be administered by said Grand Court as provided by the "general laws" of said order; directing the defendants to account for and turn over to the plaintiffs the sum of $3,584.34, with interest on the same at the rate of six per cent per annum, until that sum was fully paid; directing the defendants to account for and turn over to the plaintiffs all other property in their possession or control formerly held by Court Gustaf Wasa, and awarding costs to the plaintiffs.

The defendants appealed from the overruling of their demurrer and from the final decree.

*F. W. Campbell,* (*C. H. Johnson* with him,) for the defendants.

*J. M. Maloney,* (*E. Carr* with him,) for the plaintiffs.

PIERCE, J. This cause comes before this court upon the appeals of the several defendants from the decrees overruling their demurrers, and from the final decrees on the merits in favor of the plaintiffs.

The plaintiffs are all the members of the executive committee of the Grand Court of Massachusetts, Foresters of America, a voluntary association. They bring the bill in the name of said Grand Court, under the supposed authorization of section 35 of the "Grand Court Constitution and Laws," which contains the

provision that "All suits at law, as complainant or defendant, or for the recovery of property or money, shall be conducted by the Executive Council in the name of the Grand Court, and in case of necessity the Executive Council may engage counsel." It appears from section 4 of the Constitution and Laws that the Grand Court shall be composed of "All Past Grand Chief Rangers, The Grand Chief Ranger, The Grand Sub Chief Ranger, The Grand Treasurer, The Grand Secretary, The Grand Recording Secretary, Grand Lecturer, The Grand Senior Woodward, The Grand Junior Woodward, The Grand Senior Beadle, The Grand Junior Beadle, The Grand Trustees, The Delegates from the Subordinate Courts under the jurisdiction of this Grand Court." The record does not disclose the number of Subordinate Courts under the jurisdiction of the Grand Court of Massachusetts; nor the number of delegates from such courts who, with the twelve elective officers, compose the Grand Court.

The named defendants were prior to January 8, 1920, officers of an unincorporated association (having about three hundred and ninety-four members) called Court Gustaf Wasa, which was a subordinate court of said Foresters of America under the jurisdiction of said Grand Court. On February 18, 1920, the defendant Brusquini, financial secretary of said Court Gustaf Wasa, acting therefor and for all of the other defendants, notified said Grand Court, through the plaintiff Mitchell, that Court Gustaf Wasa had disbanded January 7, 1920, expected to form an independent order not affiliated with the Foresters of America, and had divided its funds among its members. On April 17, 1920, said defendant Brusquini, financial secretary of said Court Gustaf Wasa, acting therefor and for all of the other defendants, sent a check to said Grand Court, through the plaintiff Mitchell, for $86.34 as the "amount due to said Grand Court from said Court Gustaf Wasa when the latter Court was disbanded." Court Gustaf Wasa, on or about January 7, 1920, had a large sum of money in its general fund which the bill alleges was about $4,000.

Court Gustaf Wasa "was instituted as a subordinate court of the Foresters of America under a dispensation from said Grand Court of Massachusetts and under said Grand Court Laws and has been since its institution under the jurisdiction of said Grand Court. It adopted by-laws which stated that said Court and the

members thereof should be subject to the provisions of the General Laws of said Supreme Court and Grand Court Laws which General and Grand Court Laws and all additions and amendments thereto that might thereafter be enacted were adopted by said Court Gustaf Wasa and in case of any conflict between the by-laws of said Court Gustaf Wasa and the General and Grand Court Laws said General and Grand Court Laws should prevail."

It is provided by section 52 of the Grand Court Laws that "All money due to the Grand Court shall be remitted by checks or money orders being payable to the Grand Court of Massachusetts, F. of A. All property of a Subordinate Court is a trust fund for the purpose of carrying on the benefit features of the Order, and if the Court shall ever disband or dissolve all of its property shall immediately go to the Grand Court Foresters of America of Massachusetts." It is provided in section 198 of the General Laws and in section 118 of said Grand Court Laws in identical language as follows: "Sec. 118. No Grand or Subordinate Court shall secede or attempt to secede from the Order; nor shall any member vote for or urge his Court to secede or attempt to secede; if a Subordinate Court secedes, all property, moneys, goods and effects which it had shall vest in and be delivered to the Grand Court or Supreme Court to whichever it was attached; and same shall be administered as herein provided for funds, property, etc., of dissolved or expelled Courts."

The plaintiffs pray:

"1. That the defendants be ordered to account to the plaintiffs for all of the property now or formerly held by said Court Gustaf Wasa as a subordinate Court of the Foresters of America or received by them, or any of them, from said Court at the time of its disbanding.

"2. That the defendants be ordered to turn over to the plaintiffs all of the property held by said Court Gustaf Wasa as a trust fund for the purpose of carrying on the benefit features of the Foresters of America while it was affiliated with said Order and now held by said Court or received by them, or any of them, from it at the time said Court disbanded so that the plaintiffs may apply said trust fund for the purpose of carrying on the benefit features of the Foresters of America.

"3. That an injunction be issued restraining the defendants,

and each and every of them until the further order of the Court, and permanently, from dividing or apportioning said property among themselves or disposing of it in any way except by turning it over to the plaintiffs to be applied for the purpose of carrying on the benefit features of the Foresters of America.

"4. For such other and further relief as to the Court shall seem meet and proper."

The foregoing facts are taken from the bill of complaint, and with other facts therein contained are admitted to be true for the purposes of the demurrers of the defendants, each of which assigns as grounds therefor:

"1. That it appears from the bill that the plaintiffs are members of a voluntary association consisting of themselves and others, and that no sufficient reason is alleged for the nonjoinder of the other members of such voluntary association.

"2. That if there is any right of action against this defendant and his co-defendants upon the allegations in the bill of complaint such right of action is in the Grand Court of Massachusetts and not in the plaintiffs as the Grand Executive Council.

"3. It appears in the plaintiffs' bill that this defendant and his co-defendants are members of a voluntary association consisting of themselves and others, and no sufficient reason is alleged in said bill why such others should not be made parties defendant.

"4. That the description of this defendant in the title of said bill, namely, 'individually and as he is or was treasurer of Court Gustaf Wasa, Foresters of America,' is improper and he ought not to be held to answer to this bill other than individually.

"5. If the plaintiffs have any cause of action they have a plain, adequate and complete remedy at law."

The bill is brought in the individual names of all the members of the Grand Executive Council and as the Grand Court of Massachusetts, Foresters of America. It alleges that the Executive Committee are authorized to bring the bill in the name of the Grand Court. The Grand Court is an unincorporated association; being such, the Grand Court cannot sue or be sued in the character of a corporate body, "for it is the exclusive prerogative of the government to create corporations, and invest them with the power of suing, as such, by their corporate name." Story Eq. Pl. (10th ed.) § 497. Such an organization is a partnership

and in law must sue and be sued in the names of all the members of the partnership, in the absence of legislative authority. *Pickett* v. *Walsh,* 192 Mass. 572, 589. In equity likewise all members must join in a suit or defend, unless under equity rules a few can be sued as representatives of the whole where all members are too numerous to be joined. *Spaulding Manuf. Co.* v. *Godbold,* 92 Ark. 63; 29 L. R. A. (N. S.) 282, note. *Karges Furniture Co.* v. *Amalgamated Woodworkers Local Union,* 165 Ind. 421; 2 L. R. A. (N. S.) 788, note. It is plain the association was without power to authorize the Grand Executive Council to sue in its name or as the Grand Court of Massachusetts. *Fay* v. *Walsh,* 190 Mass. 374. The bill does not allege that the individual members of the Grand Court are too numerous to be joined as plaintiffs. Nor does it allege that it is brought on behalf of the associate members of the association. *Birmingham* v. *Gallagher,* 112 Mass. 190. *Snow* v. *Wheeler,* 113 Mass. 179.

The demurrer should have been sustained upon the grounds numbered "1" and "2." As to the grounds of demurrer assigned under 3 and 4, it appears from the bill that the members of the association Court Gustaf Wasa are very numerous; that the matter in dispute is one of common interest and is one which the named defendants as individual members and as representative officers of the subordinate association may properly defend as representatives of the whole. *Pickett* v. *Walsh, supra.* As to the assignment numbered 5 the bill alleges a trust fund in the control of the association, of which the defendant Danielson is or was the treasurer when the suit was brought; and seeks to have that fund turned over to the plaintiffs for the reasons set forth in the bill. The bill therefore presents a case of equitable cognizance. It results that the demurrer is sustained upon the grounds numbered 1 and 2 and is overruled upon the grounds numbered 3, 4 and 5.

If follows that a decree is to be entered dismissing the bill, but without prejudice to an application to the Superior Court to amend the bill by a joinder of all individuals who compose the association described in the bill as the Grand Court.

*So ordered.*