## BYRNE v. AMERICAN FOREIGN INS. ASS'N.

### Civ. A. No. 1859.

District Court, D. Massachusetts.

Feb. 8, 1943.

James E. Connor and Francis V. McCarthy, both of Lynn, Mass., for plaintiff.

B. A. Brickley and Brickley, Sears & Cole, both of Boston, Mass. (Howard W. Cole, of Boston, Mass., of counsel), for defendant.

HEALEY, District Judge.

This case arises on the defendant's motion to dismiss the plaintiff's action, or in lieu thereof, to quash the return of

service of the summons, on the grounds that the defendant is not subject to service of process in this jurisdiction and that the defendant has not been properly served with process.

The plaintiff is a resident of Massachusetts. The defendant is a voluntary association having its principal place of business in New York City. It has no place of business in Massachusetts, nor is it claimed that it transacts any business within the District of Massachusetts. The defendant association is composed of numerous insurance companies throughout the United States, only one of which, the Springfield Fire and Marine Insurance Company, is of Massachusetts. The plaintiff seeks to bring this action, for breach of a contract of employment, not against any or all of the members of the Association, but against the Association itself. Process was served on the Springfield Fire and Marine Insurance Company, a member of the Association, by giving in hand to W. B. Cruttenden, president of the Springfield Fire and Marine Insurance Company, a copy of the summons and complaint.

■ Assuming as contended by the defendant, that the defendant is an association or trust within the meaning of the Massachusetts General Laws (Ter.Ed.) Ch. 182, § 1, and therefore capable of being sued under Section 6 of that chapter, then the defendant has "practically all the attributes of a corporation" (Mulloney v. United States, 1 Cir., 79 F.2d 566, 577), and should be dealt with as such.

■ But on such an assumption, the defendant is not subject to service of process in this District, since it has no place of business in Massachusetts and carries on no business within this District. Consolidated Textile Corp. v. Gregory, 289 U.S. 85, 53 S.Ct. 529, 77 L.Ed. 1047; Hinchcliffe Motors v. Willys-Overland Motors, D.C., 30 F.Supp. 580. In Consolidated Textile Corp. v. Gregory, supra, 289 U.S. at page 88, 53 S.Ct. at page 530, 77 L.Ed. 1047, the United States Supreme Court, speaking through Mr. Justice McReynolds, said: "In order to hold a foreign corporation, not licensed to do business in a state responsible under the process of a local court, the record must disclose that it was carrying on business there at the time of attempted service."

■ If, as suggested by the plaintiff, the defendant is merely a partnership or other voluntary association, and not a trust or association within the meaning of Chapter 182, Section 1, of the Massachusetts General Laws (Ter.Ed.), the plaintiff is in no better position. Rule 17(b) of the Federal Rules of Civil Procedure provides, 28 U.S.C.A. following section 723c, insofar as here material, that, in all cases not involving the capacity of individuals or corporations to sue or be sued, "capacity to sue or be sued shall be determined by the law of the state in which the district court is held; except that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States." There is no federal question involved here. Consequently, the only issue is whether or not such a partnership or voluntary association has the capacity to be sued under the law of Massachusetts. It seems quite clear that it has not that capacity. Tyler v. Boot & Shoe Workers Union, 285 Mass. 54, 188 N.E. 509; Donovan v. Danielson, 244 Mass. 432, 138 N.E. 811. Mottla on Massachusetts Practice, Section 21. It follows, therefore, that such an organization has no capacity to be sued in this court.

It is unnecessary to decide whether or not the service, as made, would be proper, were this Association amenable to process in this District.

The motion to dismiss is granted without prejudice to the plaintiff's right to proceed against the proper parties.