John H. EMERSON

v.

NATIONAL CYLINDER GAS COMPANY
and Stanton Scientific Equipment Co.

Civ. A. No. 54–900–A.

United States District Court
D. Massachusetts.

May 18, 1955.

Robert L. Thompson, Boston, Mass., for plaintiff.

Herbert P. Kenway, Boston, Mass., Richard D. Mason, M. Hudson Rathburn, Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., for defendants.

ALDRICH, District Judge.

This is an action for infringement of patent No. 2,468,741 issued to the plaintiff on May 3, 1949. The plaintiff is a citizen of Massachusetts. The named defendants are the National Cylinder Gas Co., hereinafter called National, a foreign corporation doing business in Massachusetts, and Stanton Scientific Equipment Co., hereinafter called Stanton, a partnership composed of Mr. and Mrs. Philip L. Stanton, citizens of California.[1] National was duly served with process. Stanton was not. Indeed, the complaint alleges that Stanton is not subject to process. The plaintiff alleges that National is selling an apparatus manufactured by Stanton, which apparatus infringes his patent, and invites Stanton to subject itself to the jurisdiction of the court.

The complaint was filed November 17, 1954. On December 7, 1954 Boston counsel entered an appearance, dated December 6, 1954 "for the Defendants." On December 9 there was filed, also dated December 6, a stipulation signed by Boston counsel for defendants, and by counsel for the plaintiff, "that the time for defendants to answer or otherwise plead be extended until January 7, 1955." Nothing further has been filed on behalf of Stanton.

On April 7 plaintiff moved that Stanton be defaulted. Stanton opposes on the ground that it is not before the court. In connection with this I am furnished with affidavits by Philip L. Stanton, and by a Mr. Mason, a Chicago attorney. There is also in the file plaintiff's demand for admission of facts, to which there has been no answer or denial. It seems to me that the plaintiff would be lifting himself by his bootstraps if I could regard that demand as before me on this motion. I do not consider it.

Mr. Stanton's affidavit states that neither partner, nor the partnership, has been served with process, and that their sole place of business is in California. I find that to be true. He states also that Stanton "retained" Mr. Mason as counsel in this action. The language is his, and without more it implies a general retainer for the case. He further says that Stanton never authorized Mason to enter an appearance in the action, or to waive any of its defenses, "including lack of jurisdiction." I regard this as a conclusion of law, the question of its correctness being now before me.

Mr. Mason's affidavit states that he upon the filing of the complaint in this case, and service upon National, was retained by both National and Stanton "to defend against the action and investigate any and all defenses available to the parties named as defendants." He also states that about the end of November he instructed Boston counsel to stipulate for an extension of time to answer or otherwise plead. I find all this to be true. In addition he states that he did not authorize Boston counsel "to waive any defenses, including lack of jurisdiction of this court, and that he, Mason, was never authorized to enter, or to authorize the entrance of, an appearance on behalf of Stanton." This, again, is,

---

[1] The plaintiff did not name or sue either Mr. or Mrs. Stanton individually, but sued the partnership in the partnership name. If this were a diversity case, a partnership not being a legal entity, this procedure would have been a nullity. Donovan v. Danielson, 244 Mass. 432, 138 N.E. 811. cf. Fowle v. Torrey, 131 Mass. 289. However, as the action is brought to enforce a federal substantive right, and does not depend upon diversity jurisdiction plaintiff's procedure was proper. Fed.Rules Civ.Proc. rule 17(b), 28 U.S.C.A.

or largely is, a conclusion of law, and I will deal with it presently. Finally, he states that he had no knowledge that Boston counsel had entered a general appearance for defendants until about April 15th. One further matter is before me, the answer which Boston counsel filed on January 7 on behalf of National, in which it alleged that Stanton was not a party to this action and was not subject to the jurisdiction of the court. This answer is signed both by Boston counsel and by Mason, but I find that it was prepared by the latter. This confirms his statement regarding the filing of the general appearance for Stanton. It does not show that he gave Boston counsel instructions in December not to file. I do not find that what Boston counsel did was done by inadvertence, so far as he was concerned.

However, it is quite immaterial whether or not Boston counsel filed a general appearance, as such. He was told to stipulate to extend the time, which action itself effected a general appearance.[2] Stanton must show that this action was without authority. This it cannot do, for Mason's retainer "to defend against the action" furnished that authority, at least in the absence of specific contrary instructions.[3]

This conclusion does not dispose of the present question. Under Rule 12 a general appearance will not prevent a subsequent contest of the court's jurisdiction over the person.[4] However, that contest must be timely. When Stanton failed to answer or otherwise plead on January 7th, the general appearance stood, and it was properly defaulted.[5]

Plaintiff's motion is accordingly allowed. If a motion to remove the default is filed within 10 days, I will, after hearing, determine on what terms, if any, it should be granted.

The affidavit filed by Mr. Bronstein, one of the counsel for the plaintiff, is stricken. It is of no consequence what counsel is told, or not told, in the Clerk's office.

---

2. Feldman Inv. Co. v. Connecticut General Life Ins. Co., 10 Cir., 78 F.2d 838; Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 139 F.2d 871.

3. Rollins v. Bay View Auto Parts Co., 239 Mass. 414, 132 N.E. 177; In re Level Club, D.C.S.D.N.Y., 46 P.2d 1002; Johnson v. Holt's Adm'r, 235 Ky. 518, 31 S.W.2d 895; Najdowski v. Ransford, 248 Mich. 465, 227 S.W. 769; Rahn v. Searchlight Mercantile Co., 56 Nev. 289, 49 P.2d 353.

4. Blank v. Bitker, 7 Cir., 135 F.2d 962;

Juszczak v. Huber Mfg. Co., D.C.W.D. N.Y., 13 F.R.D. 434.

5. Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 130 F.2d 185; cf. Id., 3 Cir., 139 F.2d 871. In the light of this ruling it is unnecessary to determine at this time whether special considerations apply to this case, in favor of the plaintiff, where Stanton appeared in response to a complaint which expressly denied jurisdiction, but invited it to appear.