**L. G. DEFELICE & SON, INC., Plaintiff,**

v.

**GLOBE INDEMNITY COMPANY, A. J. Santaniello, Inc., Clement Anthony Battifarano and Alfred Emilio Battifarano, co-partners doing business under the firm name and style of Battifarano Trucking Company, Defendants.**

United States District Court
S. D. New York.
April 16, 1959.

Jacob I. Goodstein, New York City, for plaintiff, Isidore Zamore, New York City, of counsel.

Nevius, Jarvis & Pilz, New York City, for defendant Globe Indemnity Co., Emil V. Pilz, Carl E. Buckley, New York City, of counsel.

William Mertens, New York City, for defendant A. J. Santaniello, Inc. and Battifarano Trucking Co. as joint venturers.

SUGARMAN, District Judge.

Plaintiff, a Connecticut corporation, was awarded a contract by the New York State Thruway Authority. It entered into a subcontract with the persons named as defendants herein (subcontractors) as joint venturers, other than Globe Indemnity Company, for the performance of part of the work. Defendant Globe Indemnity Company (Globe), a New York corporation, was surety on the subcontractors' performance bond.

Claiming damages for alleged breaches by the subcontractors, plaintiff filed the within complaint on May 16, 1956. Defendant Globe was served on May 16, 1956 and filed its answer on June 13, 1956.

The subcontractors, a New Jersey corporation and a partnership composed of two residents of New Jersey, were never

served in this action although the individuals concerned were present in New York City for depositions as witnesses upon condition that plaintiff give them immunity from service of process while here for that purpose.

On May 8, 1958, after completing its examinations of the subcontractors and their surety, plaintiff served a note of issue noticing the action for trial without a jury and filed a certificate of readiness.

Defendant Globe opposed placing the action on a trial calendar because it had not taken the depositions of witnesses. On June 4, 1958 the contested note of issue came on before Judge Palmieri who placed the case upon the non-jury reserve calendar. Thereafter defendant Globe took depositions.

After a pre-trial hearing before Judge Dawson on November 20, 1958 and an assignment conference before me on January 8, 1959, the action was placed upon the non-jury "ready calendar." At the latter hearing plaintiff disclosed for the first time that it had on May 8, 1958 (the day it filed its note of issue) filed a notice of voluntary dismissal of its claim against the subcontractors. Defendant Globe admittedly had not been served with a copy thereof.

At the same assignment conference of January 8, 1959 subcontractors were represented by counsel who had that day filed a "notice of appearance and demand" and an "answer" asserting eight counterclaims against plaintiff. The answer contained a "demand for a jury trial." The said notice of appearance

and answer had been mailed by subcontractors' attorney to plaintiff's and Globe's attorneys the day before.

Defendant Globe now moves (motion No. 43 of February 19, 1959) for an order:

"1. Vacating the purported Notice of Dismissal filed on the 8th day of May, 1958, or in the alternative,

"2. Granting leave to add A. J. Santaniello, Inc. and Battifarano Trucking Company, a joint venture, as parties to this action and that there be served upon them a Summons and Third-Party Complaint * * * *"

Plaintiff cross moves (motion No. 49 of February 19, 1959) for an order:

"pursuant to Rule 21 of the Federal Rules of Civil Procedure [28 U.S.C.A.], dropping" the subcontractors "as defendants in this action, in the event that the defendant Globe Indemnity Company's motion to vacate plaintiff's notice of dismissal filed on May 8, 1958 is granted * * * *"

Globe's motion, in which the subcontractors join, to vacate the plaintiff's notice of voluntary dismissal of the subcontractors from the suit is granted.[1]

In my view the subcontractors properly came into the case when they appeared and filed their answer and counterclaim on January 8, 1959. Although a notice of appearance is not required by the Federal Rules of Civil Procedure, it is not forbidden, nor is it improper.[2]

---

1. Harvey Aluminum, Inc. v. American Cyanamid Co., 2 Cir., 1953, 203 F.2d 105.

2. Cleveland Institute on Federal Rules, July, 1938 at page 236:
   "Mr. Slaton:
   "Does this rule provide for appearance? Isn't the answer the first thing the defendant does?
   "Mr. Clark:*
   "That is the first thing you are required to do. The rules do not require you to

file a notice of appearance. They recognize that you may do so.
   "Rule 5 refers to 'every written notice, appearance, demand,' and so on. Again that matter comes up in connection with default judgments (Rule 55). So we felt it wasn't necessary to provide specifically for appearance, but it was recognized that if an appearance was entered you couldn't get a default in that case."
   Washington Institute on Federal Rules, October, 1938 at page 56:

F.R.Civ.P. 3 states: "A civil action is commenced by filing a complaint with the court." This must be read in the light of the language immediately following in F.R.Civ.P. 4 which commands that: "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it."

It is required that F.R.Civ.P. 3 and 4 must be read together. They contemplate filing of the complaint and service of process with a copy of the plaintiff's pleading in order to commence an action, i. e., to make a named defendant a party.[3]

However a named defendant may become a party voluntarily even if process is not served upon him.[4] A voluntary appearance by a named defendant makes him a party as effectively as if he had been served with process. When the subcontractors appeared and answered they thereby clearly manifested an intention to submit themselves to the jurisdiction of this court. The subcontractors having thus become parties the second branch of Globe's motion for leave to serve a third-party complaint upon them is denied.

The plaintiff's cross motion to drop the subcontractors as parties is also denied. The claims and counterclaims asserted herein all arose from the same transaction. To avoid a needless multiplicity of suits and fruitless waste of time they should all be resolved at one time and in one forum.

As pointed out above, no jury was timely demanded under F.R.Civ.P. 38 as to the plaintiff's claim against Globe, whereas a jury trial was timely demanded as to the plaintiff's claim against the subcontractors and their counterclaim against the plaintiff. This conflict might have presented a problem were it not for the fact that upon the argument of the motion the subcontractors' counsel in open court agreed to forego a jury trial herein and abandoned his demand therefor. Accordingly, and in compliance with F.R.Civ.P. 39(a) (1) the attorneys of record for all parties will forthwith file a written stipulation consenting to the trial of this entire matter by the court sitting without a jury.

Furthermore, the subcontractors having avoided service and not having appeared for over two years they shall not now be accorded any adjournment of the trial but shall pursue their pre-trial depositions and proceedings as best they can in whatever time is available between now and when the case is assigned to a trial part.

This is the order; no further order is necessary.

"Dean Clark:[*]
"There is nothing to prevent you from filing appearances; in fact, in one of the rules, I think it is Rule 5, there is a reference to serving appearances when filed, indicating that if the lawyers do serve appearances, they will not have violated any rules. We felt that no formal requirement of pleading only specially, or of saying you plead only specially, should be stated when the circumstances show even more clearly what you are doing than does any such statement. So you don't have to file such a document to preserve your rights."

[*] Chief Judge Charles E. Clark of the Second Circuit.

3. Bomar v. Keyes, 2 Cir., 1947, 162 F.2d 136, 140; Yudin v. Carroll, D.C.Ark.1944, 57 F.Supp. 793.

4. Emerson v. National Cylinder Gas Company, D.C.Miss.1955, 131 F.Supp. 299.