968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Aberra MOLLA, Plaintiff-Appellant,
v.
COLORADO SERUM COMPANY, Defendant-Appellee.
 No. 91-1226.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1992.
 
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Aberra Molla appeals the district court's order dismissing without prejudice his Title VII action, see 42 U.S.C. §§ 2000e-2000e-17, for failure to effect service of the summons and complaint on defendant Colorado Serum Company within 120 days of filing the complaint. See Fed.R.Civ.P. 4(j). We first determine whether this court has jurisdiction to consider the merits of this appeal.
 
 
 2
 Acting pro se, plaintiff filed his complaint with the district court on December 26, 1990, but never served the defendant. The district court dismissed the action May 10, 1991, for failure to prosecute pursuant to Fed.R.Civ.P. 4(j). Thereafter, plaintiff, represented by counsel, filed a motion for reconsideration on May 20, which the district court denied the next day. Plaintiff then filed a notice of appeal on June 20.
 
 
 3
 Plaintiff had thirty days after the entry of the judgment dismissing his complaint to file a notice of appeal. See Fed.R.App.P. 4(a)(1). Plaintiff's notice of appeal cannot be considered timely unless the motion for reconsideration tolled the time for filing the appeal. See Fed.R.App.P. 4(a)(4). See generally Skagerberg v. Oklahoma, 797 F.2d 881, 883 (10th Cir.1986) ("regardless of how it is characterized, a post-judgment motion made within ten days of the entry of judgment that questions the correctness of a judgment is properly construed as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e)," which will toll the time for filing a notice of appeal).
 
 
 4
 In order to toll the time for filing a notice of appeal, a tolling motion must be served, on all opposing parties, see 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2812 (1973), within ten days of the entry of judgment. Fed.R.Civ.P. 59(e); see also Clayton v. Douglas, 670 F.2d 143, 144 (10th Cir.), cert. denied, 457 U.S. 1109 (1982). While plaintiff filed his notice of appeal with the district court within ten days of the district court's entry of the dismissal order, he failed to serve defendant with a copy of the motion to reconsider or a copy of the notice of appeal within that time.
 
 
 5
 Keep in mind that plaintiff had never served defendant with the summons and complaint. Hence the defendant never had become a legal party to the Title VII action. See L.G. Defelice & Son, Inc. v. Globe Indem. Co., 23 F.R.D. 275, 278 (S.D.N.Y.1959) (Fed.R.Civ.P. 3 and 4, read together, "contemplate filing of the complaint and service of process with a copy of plaintiff's pleading in order to commence an action, i.e., to make a named defendant a party"). Because there was not a party defendant to serve, plaintiff's filing his motion for reconsideration with the district court within ten days of the entry of the dismissal order was sufficient to toll the time for filing the notice of appeal. Cf. Welch v. Folsom, 925 F.2d 666, 669 (3d Cir.1991) ("when the complaint of a plaintiff proceeding in forma pauperis is dismissed before service of process ..., a motion under Fed.R.Civ.P. 59(e) tolls the time for appeal if it is filed with the district court within ten days after entry of the judgment"). This court has jurisdiction to consider the merits of this appeal.
 
 
 6
 We review the trial court's dismissal of the plaintiff's complaint pursuant to Fed.R.Civ.P. 4(j) under an abuse of discretion standard. Putnam v. Morris, 833 F.2d 903, 904 (10th Cir.1987). Federal Rule of Civil Procedure 4(j) provides in pertinent part that
 
 
 7
 [i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice....
 
 
 8
 In this case, the trial court's dismissal under Rule 4(j) was without prejudice. Sometimes a dismissal without prejudice may, as in this case, "operate as a dismissal with prejudice [because] the action will be time-barred." Putnam, 833 F2d at 904-05.
 
 
 9
 The trial court, after giving plaintiff an opportunity to establish cause for his failure to effect timely service, dismissed the action without prejudice. After reviewing the record before us and the briefs of the parties, we do not believe the trial court abused its discretion. We AFFIRM the judgment of the United States District Court for the District of Colorado.
 
 
 
 *
 Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3