16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph D. RIES, Plaintiff-Appellant,
v.
GENERAL CHEMICALS, INC., General Chemicals & Packing
Corporation, B.W.I. Plastics and Chemical
Corporation, Defendants,
and
United States Department of the Air Force, Secretary of the
Air Force, Defendants-Appellees.
 No. 93-4064.
 United States Court of Appeals, Tenth Circuit.
 Feb. 2, 1994.
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals the district court's order dismissing his cause of action asserted against the United States Air Force and its Secretary for lack of subject matter jurisdiction.[2] See Fed.R.Civ.P. 12(b)(1). Our review is de novo. Williams v. United States, 957 F.2d 742, 743 (10th Cir.1992).
 
 
 4
 Plaintiff alleged that he was injured as a result of his exposure to toxic chemicals during the course of his employment with the Air Force. A federal employee's exclusive remedy for work-related injuries, however, is through the administrative procedures established by the Federal Employees Compensation Act, 5 U.S.C. 8101-8151. See 5 U.S.C. 8116(c). The district court, therefore, did not err in dismissing this cause of action.
 
 
 5
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 The record on appeal indicates that plaintiff never served the complaint upon the remaining named defendants. They, therefore, have never become parties to this action. See L.G. Defelice & Son, Inc. v. Globe Indem. Co., 23 F.R.D. 275, 278 (S.D.N.Y.1959)(Fed. R. Civ. P. 3 and 4, read together, "contemplate filing of the complaint and service of process with a copy of the plaintiff's pleading in order to commence an action, i.e., to make a named defendant a party")