**BROWN RUDNICK BERLACK ISRAELS LLP, a Massachusetts Limited Liability Partnership, Plaintiff,**

v.

**R. Scott BROOKS, Defendant.**

**No. CIV.A. 03–11966–JLT.**

United States District Court, D. Massachusetts.

March 24, 2004.

Gregory A. Geiman, Brown Rudnick Berlack Israels, LLP, Boston, MA, for Brown Rudnick Berlack Israels LLP, Plaintiff.

David Berman, Law Offices of David Berman, Medford, MA, for R. Scott Brooks, Defendant.

*MEMORANDUM*

TAURO, District Judge.

On October 9, 2003, Brown Rudnick Berlack Israels LLP ("Plaintiff"), a Massachusetts limited liability partnership, instituted this action against R. Scott Brooks ("Defendant"), a resident of New Hampshire, to recover fees allegedly owed to it. Plaintiff invoked this court's diversity jurisdiction. On November 5, 2003, Defendant filed a motion to dismiss for lack of jurisdiction over the person and absence of an appropriate plaintiff.[1] Plaintiff filed a brief in opposition to Defendant's motion to dismiss on November 20, 2003. And, on March 2, 2004, Defendant filed a reply brief.[2] This court, pursuant to Fed. R.Civ.P. 12(b), decided to treat Plaintiff's brief in opposition and Defendant's reply brief as cross-motions for summary judgment.

■ Defendant first argues that this court lacks jurisdiction over him and, thus, that summary judgment should be entered in his favor. It is settled that "[a] district court may exercise authority over a defendant by virtue of either general or specific jurisdiction."[3] There is general jurisdic-

---

1. Defendant also moved to dismiss for lack of venue and improper service of process. *See* Mem. in Support of Def.'s Mot. to Dismiss at 1. He has, however, abandoned those arguments. *See* Reply Brief in Support of Def.'s Mot. to Dismiss Treated as a Mot. for Summ. J. at 2–4.

2. Plaintiff responded to Defendant's reply brief on March 11, 2004.

3. *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,* 142 F.3d 26, 34 (1st Cir.1998).

tion "when the defendant has engaged in 'continuous and systematic activity' in the forum, even if the activity is unrelated to the suit." [4] Plaintiff does not argue that Defendant can be brought before this court on a general jurisdiction theory. And, "[i]n the absence of general jurisdiction, a court's power depends upon the existence of specific jurisdiction." [5] In order "[t]o establish personal jurisdiction [by way of specific jurisdiction], [it] must [be] show[n] that the Massachusetts long-arm statute grants jurisdiction and, if it does, that the existence of jurisdiction under the statute is consistent with the [United States C]onstitution." [6]

The Massachusetts long-arm statute provides, in relevant part, that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . transacting any business in this commonwealth." [7] This court "may sidestep the statutory in-

quiry and proceed directly to the constitutional analysis, however, because the Supreme Judicial Court of Massachusetts has interpreted the state's long-arm statute 'as an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States.'" [8] The Constitution requires that a defendant "have certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." [9]

■ This court believes that requiring Defendant to defend this lawsuit does not contravene "traditional notions of fair play and substantial justice." [10] Defendant had a litany of contacts with Massachusetts. He hired Plaintiff, a Massachusetts law firm, to represent him in a New Hampshire criminal action. [11] He returned an engagement letter, which was drafted in Massachusetts and signed in New Hampshire, to Plaintiff in Massachusetts. [12] He

---

4. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 51 (1st Cir. 2002) (quoting *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1088 (1st Cir.1992)).

5. *Mass. Sch. of Law at Andover, Inc.*, 142 F.3d at 34.

6. *Daynard*, 290 F.3d at 52. "The plaintiff bears the burden of proving the court's personal jurisdiction over the defendant." *Id.* at 50.

7. Mass. Gen. Laws ch. 223A, § 3.

8. *Daynard*, 290 F.3d at 52 (quoting *"Automatic" Sprinkler Corp. of Am. v. Seneca Foods Corp.*, 361 Mass. 441, 280 N.E.2d 423, 424 (1972)).

9. *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotation omitted)). "In the personal jurisdiction context, [the First Circuit] ha[s] characterized compliance with the Constitution as implicating 'three distinct components, namely, relatedness, purposeful

availment . . ., and reasonableness.'" *Mass. Sch. of Law at Andover, Inc.*, 142 F.3d at 35 (quoting *Foster–Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 144 (1st Cir.1995)).

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*Daynard*, 290 F.3d at 60 (quoting *Foster–Miller, Inc.*, 46 F.3d at 144).

10. *Id.* at 52 (quoting *Int'l Shoe Co.*, 326 U.S. at 316, 66 S.Ct. 154 (internal quotation omitted)).

11. Pl.'s Reply to Def.'s Cross–Mot. for Summ. J. on the Issue of Jurisdiction at 2.

12. *Id.*

attended a number of meetings related to his legal representation in Massachusetts.[13] He spent a significant amount of time reviewing documents in a conference room in Plaintiff's Massachusetts office.[14] He made telephone calls and sent faxes and e-mails to Plaintiff in Massachusetts.[15] And, he retained Massachusetts-based expert witnesses.[16] In view of the above, Defendant's argument that this court lacks jurisdiction over him fails.

■ Defendant also asserts that this court should enter summary judgment in his favor because Plaintiff, a limited liability partnership, is precluded from bringing an action in its own name under Massachusetts law. But, in 2003, the Massachusetts Superior Court commented that "[i]n a suit for business debt, recovery is limited to the extent of the LLP assets, and thus only the LLP itself need be named as a litigant." [17] If a limited liability partnership can be sued in its own name, then there is no reason why a limited liability partnership should not be permitted to bring an action in its own name.[18] Defendant's contention that Plaintiff is barred from brining an action in its own name is, therefore, without merit.

13. *Id.*

14. *Id.*

15. *Id.*

16. *Id.* at 3.

17. *Verizon Yellow Pages Co. v. Sims & Sims, PC*, No. 02–00961, 2003 WL 836087, at *2, 2003 Mass.Super. LEXIS 44, at *6 (Feb. 24, 2003).

18. Defendant cites *Byrne v. Am. Foreign Ins. Ass'n*, 3 F.R.D. 1, 2 (D.Mass.1943) (holding that "a partnership or voluntary association has [no] capacity to be sued under the law of Massachusetts") to support its assertion that a limited liability partnership is unable to sue

## Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is ALLOWED, and Defendant's motion for summary judgment is DENIED.

AN ORDER WILL ISSUE.

or be sued in its own name under Massachusetts law. Yet, the "partnership or voluntary association" that was at the heart of the *Byrne* case was not a limited liability partnership. *See id.* Indeed, limited liability partnerships were not regulated by statute in Massachusetts until 1995. *See* Mass. Gen. Laws ch. 108A, §§ 6, 15. And, given both the inherent nature of limited liability partnerships, *Verizon Yellow Pages Co.*, 2003 WL 836087, at *2, 2003 Mass. Super LEXIS 44, at *6 (noting that "[t]he partners [of a limited liability partnership] are not personally liable, and no partner holds any assets in tenancy"), and the recent decision of the Massachusetts Superior Court, *id.* (stating that "[i]n a suit for business debt, ... only the LLP itself need be named as a litigant"), the *Byrne* case is not determinative.