LARGO REALTY, INC. *vs.* VICTORIA PURCELL & another.[1]

No. 09-P-1369.

Suffolk. February 5, 2010. - June 30, 2010.

Present: RAPOZA, C.J., McHUGH, & GRAHAM, JJ.

*Practice, Civil,* Motion to dismiss. *Partnership,* Accounting, General partner, Limited partnership. *Contract,* Performance and breach. *Negligence,* Accountant. *Consumer Protection Act,* Businessman's claim.

A plaintiff seeking to sue a limited liability partnership in Superior Court did not, by naming one general partner, make the partnership itself a party to the action [163-165]; therefore, the trial court judge did not err in dismissing the plaintiff's complaint in its entirety, where the complaint, which named as parties one general partner and one employee but alleged wrongdoing solely by the limited liability partnership, failed to allege facts that provided a basis for relief against the named individual defendants [165].

CIVIL ACTION commenced in the Superior Court Department on September 22, 2008.

The case was heard by *Linda E. Giles,* J., on a motion to dismiss.

*Valeriano Diviacchi* for the plaintiff.

*Eileen M. Donoghue* for the defendants.

GRAHAM, J. This case arises out of a written contract between the plaintiff, Largo Realty, Inc., and BDO Seidman, LLP (BDO), a limited liability partnership, under which BDO provided Largo with tax and accounting services. The gist of Largo's Superior Court complaint is that BDO overbilled it for services rendered by Victoria Purcell, a BDO employee, and her supervisor Anthony Russo, a BDO partner.

The complaint, which named Russo, individually and as a partner in BDO, and Purcell, alleged breach of contract, breach

---

[1]Anthony Russo, individually and as a partner in BDO Seidman, LLP, a New York limited liability partnership doing business in Massachusetts.

of the implied covenant of good faith and fair dealing, and violation of G. L. c. 93A, §§ 2 and 9, and sought equitable relief consisting of (a) a declaration that an arbitration provision in the contract at issue was void and unenforceable; (b) a preliminary injunction ordering BDO to return Largo's financial records; and (c) an accounting by BDO of all its fees and costs billed to Largo during the preceding six-year period. In addition, the complaint alleged negligent provision of accounting services by the defendants individually, resulting in excessive and unwarranted fees for services.

The defendants filed a motion to dismiss, pursuant to Mass. R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), and the judge, in a margin note, dismissed the complaint in its entirely. We find no merit in the appeal and, accordingly, affirm the judgment.

*Background.* In February, 2008, Largo engaged BDO to provide tax services as more specifically described in the terms set forth in a master agreement to provide tax services. Largo had been a client of BDO for twenty-six years and typically entered into a written agreement with BDO for accounting and related services in January of each year. For most of the prior twenty-six years, the BDO partner providing accounting services to Largo was Wiley M. Osborne, a certified public accountant since 1974. Purcell was one of the BDO employees assigned to work with Osborne on the Largo account. Osborne retired from BDO in 2006 and his successor on the Largo account was Russo.

During the previous years, BDO's annual fees, excepting special items, were approximately $55,000. However, the bill by BDO to Largo for the work by Russo and Purcell was in excess of $70,000.

*Discussion.* We review the allowance of a motion to dismiss to determine whether facts alleged in the complaint raise a right to relief above the speculative level, on the assumption that all the allegations of the complaint are true. *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555-556 (2007). *Iannacchino* v. *Ford Motor Co.*, 451 Mass. 623, 636 (2008).

1. *Claims against BDO.* Largo contends that by suing Russo in his capacity as a BDO partner, it has made BDO a party to the action. That contention is based upon its argument that a limited liability partnership is a form of general partnership that

must be sued through the naming of at least one general partner. We disagree.

There are three forms of partnerships in Massachusetts, each governed by different statutory provisions, and each fundamentally different. A general partnership is merely "an association of two or more persons to carry on as co-owners a business for profit." G. L. c. 108A, § 6. "It is a private consensual arrangement with no notice of that arrangement to the world as in the case of limited partnerships and corporations. Under the provisions of G. L. c. 108A, § 25, '[a] partner is co-owner with his partners of specific partnership property holding as a tenant in partnership.' This is a codification of the common law rule that a general partner does not have the separate right to 'a specific partnership asset.' Thus to reach all the assets of a business being conducted as a general partnership, under the common law and under c. 108A, it is necessary to sue all the partners." *Fusco* v. *Rocky Mountain I Invs. Ltd. Partnership*, 42 Mass. App. Ct. 441, 447 (1997) (citations omitted).

In a limited partnership, all the general partners are personally liable for the debts of the limited partnership, but all the general partners do not own all the proprietary interests in the limited partnership. *Id.* at 447-448. "Typically, a majority interest is owned by the limited partners." *Id.* at 448. See *Partnership Equities, Inc.* v. *Marten*, 15 Mass. App. Ct. 42, 42-44 (1982). Under G. L. c. 109, § 8, a plaintiff must sue the limited partnership and serve the designated agent for service of process whose name and address appear in the certificate of limited partnership on file in the office of the Secretary of State.

The limited liability partnership statute, G. L. c. 108A, was established "to allow limited liability partners to protect non-partnership assets against liability for the wrongs of the partnership under certain conditions. . . ." *Dow* v. *Donovan*, 150 F. Supp. 2d 249, 267 (D. Mass. 2001). In contrast to limited partnerships, limited liability partnerships have only limited partners, and no partner is "personally liable directly or indirectly, including, without limitation, by way of indemnification, contribution, assessment or otherwise, for debts, obligations and liabilities of or chargeable to such partnership, whether in tort, contract or otherwise arising while the partnership is a registered limited

liability partnership." G. L. c. 108A, § 15(2), as amended by St. 1995, c. 281, § 7. The partners do not hold any assets as tenants in partnership, and recovery is limited to the extent of the partnership's assets. Consequently, here, in order to sue BDO, the partnership itself needed to be named as a party. See *Dow, supra*; *Brown Rudnick Berlack Israels LLP* v. *Brooks*, 311 F. Supp. 2d 131, 134 (D. Mass. 2004) (citing a Superior Court decision).[2]

2. *Negligence claim against the individual defendants.* Largo acknowledges that its contract was with BDO, and that BDO generated the bills at issue. Consequently, Largo's complaint, stating that BDO overbilled it for services performed pursuant to the contract, fails to allege facts that provide a basis for relief against Russo and Purcell individually.

*Judgment affirmed.*

---

[2]Having decided that BDO has not been made a party to the action we need not address the merits of Largo's claims against BDO. We note however, that, although Largo alleges a violation of § 9 of G. L. c. 93A, it is evident on the face of the complaint that Largo is a business entity, a corporation, and that the transaction at the heart of the complaint arises in a business context. Therefore any claim of unfair or deceptive practice must be brought under G. L. c. 93A, § 11. See *Kerlinsky* v. *Fidelity & Deposit Co. of Md.*, 690 F. Supp. 1112, 1117 (D. Mass. 1987) ("A plaintiff under § 11 is . . . '[a]ny person who engages in the conduct of any trade or commerce. . . .' All that is required for a plaintiff to fall within the ambit of § 11 is some transaction in a business context").