HELEN A. WELLINGTON vs. INHABITANTS OF BELMONT.

Middlesex.    March 25, 1895. — June 21, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Tax on Personal Property — Abatement — Statute.*

If any part of personal property assessed to the owner in the town of which he is an inhabitant, and also in the city in which it is situated, is properly taxable to him in the town of which he is an inhabitant, the remedy against that town is by an application for an abatement, and not by a suit at law to recover the alleged excess.

Quarrying stone and breaking it up for use on roads and other similar purposes is not a manufacturing business within the meaning of Pub. Sts. c. 11, § 20, cl. 2, which provides that "all machinery employed in any branch of manufactures shall be assessed where such machinery is situated or employed."

CONTRACT, to recover back a tax paid under protest. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows.

The plaintiff was the wife of Arthur J. Wellington, and was an inhabitant of the town of Belmont on May 1, 1892. The property on which was assessed in 1892 the tax sought to be recovered was personal property of the plaintiff, consisting of a building, without permanent foundations, situated in Salem, on land of the Boston and Maine Railroad, placed there with the consent of the railroad, and of machinery in the building, and near and about the building, on the land. The plaintiff's husband in 1892, under the name of the Massachusetts Broken Stone Company, carried on the business of quarrying and breaking stone, to be used in macadamizing roads and for other similar purposes, and in said business used the building and machinery. There had been no lease of the property. The tax was laid on the property as personal estate; and it was also taxed to the plaintiff in that year in Salem as personal estate. The tax sought to be recovered was paid on December 9, 1893, by the plaintiff, after a protest in writing signed by her, and this action was brought within three months after such payment.

*H. Wardwell,* for the plaintiff.

*J. B. Goodrich & J. S. Richardson,* for the defendant.

MORTON, J.   The plaintiff was an inhabitant of Belmont and was assessed there for the building and machinery as personal property.   She was also assessed for them as personal property in Salem, where they were situated.   If any part of the property (assuming it all to be personal) was properly taxable to her in Belmont, this action cannot be maintained.   In such a case the remedy of the party aggrieved is by an application for abatement, and not by a suit at law to recover the alleged excess. *Bourne* v. *Boston*, 2 Gray, 494.   *Richardson* v. *Boston*, 148 Mass. 508.   It is admitted, in substance, that the plaintiff was taxable in Belmont unless the building and machinery were employed in manufacturing within the meaning of Pub. Sts. c. 11, § 20, cl. 2. The business carried on was " that of quarrying and breaking stone to be used in macadamizing roads and for other similar purposes," and the building and machinery were used in it.   We do not see that the business of quarrying stone and breaking it up for use on roads and other similar purposes is any more a manufacturing business than mining coal and breaking it up into merchantable sizes, or farming and cutting ice.   *Byers* v. *Franklin Coal Co.* 106 Mass. 131.   *Hittinger* v. *Westford*, 135 Mass. 258.   *Ingram* v. *Cowles*, 150 Mass. 155.   Quarrying and dressing granite could hardly be said to be manufacturing it, though moulding clay into different sizes and shapes and then burning it fairly may be said to be manufacturing brick.   Still less could simply crushing granite into smaller and smaller pieces be said to constitute manufacturing, as that word is ordinarily used, though there is a remote sense in which it may be true.

We think that the ruling of the court was right, and that according to the report there must be judgment for the defendant, and it is

*So ordered.*