SAMUEL COFFIN *vs.* ARTESIAN WATER COMPANY.

Essex.   November 7, 1906. — November 27, 1906.

Present : KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Agreed statement of facts.   *Tax.   Corporation,* Foreign.   *Way.*

In a case presented on an agreed statement of facts which does not provide that the court may draw inferences of fact the plaintiff cannot recover unless the matters stated entitle him to a judgment as a matter of law.

The pipes and mains of a water company are not machinery employed in any branch of manufactures within the meaning of the second exception of R. L. c. 12, § 23, in regard to the assessment of personal property for taxation.

In an action by the collector of taxes of the town of Salisbury against a foreign corporation supplying the public at Salisbury Beach with water, to recover a tax assessed upon the defendant's water mains and pipes as personal property, on the ground that they were underground pipes laid in public streets by a corporation other than a street railway company within the meaning of St. 1902, c. 342, § 1, the case was submitted on an agreed statement of facts without the power to draw inferences, by which it appeared that all the water mains and pipes assessed ran through private land without any question except two hundred feet which were under a way seventy-five feet wide on Salisbury Beach on land which before August, 1903, had belonged to a *quasi* corporation called the Commoners of Salisbury, and that the town in July, 1903, had given to the Commoners of Salisbury a release containing this exception : " Excepting however from this conveyance any right of the public and the marsh owners in and to the old way to the marshes as the same now exists, and is used, and in and to the way seventy-five feet wide running across said beach in continuation of the town road leading to the same, . . . and reserving to itself and its successors the right to use and to permit any person residing in said town to use for purposes of travel only . . . the way seventy-five feet wide as now laid out extending from the present highway to the sea.  . . . The location of said ways may be changed from time to time as agreed in writing by the selectmen of said town and by said Commoners, their successors and assigns." *Held,* that there was no statement that the way seventy-five feet wide was a public street, and that if inferences could have been drawn it might have been inferred that it was not ; so that the case was not brought within the statute and the water mains and pipes were not taxable as personal property.

Whether the water mains and pipes of a foreign corporation supplying water to a portion of a town, laid entirely through private land, the corporation " having a lease to maintain said pipes from the owners of the fee," can be assessed to the corporation as real estate, here was not considered, the only question raised being whether the mains and pipes were taxable as personal property.

CONTRACT by the collector of the town of Salisbury to recover a tax of $402 assessed in 1903 upon the defendant's water mains

and pipes in that town as personal property, with interest from November 1, 1903.   Writ dated March 13, 1905.

The case was submitted to the Superior Court upon an agreed statement of facts, which contained no agreement that the court might draw inferences of fact.  The material facts appear ·in the opinion.   The Superior Court gave judgment for the defendant; and the plaintiff appealed.

*J. T. Choate*, for the plaintiff.

*H. I. Bartlett*, for the defendant.

KNOWLTON, C. J.   This is an action to recover a tax on property of a foreign corporation.   The tax was assessed on the defendant's water mains and pipes which supply the public with water at Salisbury Beach.  The case was submitted on an agreed statement of facts which contains the following sentence:  " Unless the defendant is taxable in Salisbury for said pipes and mains as personal property the defendant is entitled to judgment." This sentence presents the only question before us.

The defendant's pumping station is situated about one-half a mile from Salisbury Beach, " and the pipes and mains except as hereinafter stated are entirely upon private land, the defendant having a lease to maintain said pipes from the owners of the fee, made, and the pipes laid in 1902."   The exception referred to arises from the fact that about two hundred feet of the pipes are within a way seventy-five feet wide on Salisbury Beach.   This beach is owned by a corporation which succeeded the Commoners of Salisbury, a *quasi* corporation, in August, 1903.  " Said Commoners had title and claimed exclusive title in fee to all said beach for many years.   In a certain release given by said town to said Commoners in July, 1903, there was the following: 'Excepting however from this conveyance any right of the public and the marsh owners in and to the old way to the marshes as the same now exists, and is used, and in and to the way seventy-five feet wide running across said beach in continuation of the town road leading to the same, . . . and reserving to itself and its successors the right to use and to permit any person residing in said town to use for purposes of travel only . . . the way seventy-five feet wide as now laid out extending from the present highway to the sea. . . . The location of said ways may be changed from time to time as agreed in writing by

the selectmen of said town and by said Commoners, their successors and assigns.' "

In a case presented on an agreed statement of facts which contains no clause authorizing the court to draw inferences of fact, the plaintiff cannot recover, unless the matters stated entitle him to a judgment against the defendant as a matter of law. *Old Colony Railroad* v. *Wilder,* 137 Mass. 536, 538.

The defendant, being a foreign corporation, is not taxable upon personal property in this State under the general provisions of the statute, unless the property is within some of the exceptions referred to in R. L. c. 12, § 23. *Flanders* v. *Cross,* 10 Cush. 514, 516. *Harrington* v. *Glidden,* 179 Mass. 486, 491. The only exception in the statute, relied on by the plaintiff, is that relating to machinery employed in manufactures. It has been decided that pipes and mains like these are not such machinery. *Dudley* v. *Jamaica Pond Aqueduct,* 100 Mass. 183. *Hittinger* v. *Westford,* 135 Mass. 258. *Wellington* v. *Belmont,* 164 Mass. 142.

The plaintiff also invokes St. 1902, c. 342, which amends this section of the Revised Laws. But this statute relates only to "underground conduits, wires and pipes laid in public streets by any corporation, except street railway companies," etc. The agreed facts do not show as matter of law that any of the defendant's pipes are laid in a public street. It appears affirmatively that all but two hundred feet of them are not in a public street, and it does not appear that the way seventy-five feet wide is a public street. Indeed, if we were to draw inferences, it would seem probable that it is not a public street. It is described as a continuation of the town road, which implies that it is not a town road. It appears that the Commoners had title and claimed exclusive title to this land for many years, and in the release of the town to them, made later, there is only a reservation of any public rights that may exist, without proof that any do exist. The provision for a change of the location of these ways from time to time by agreement of the parties implies that they are not public streets. The case, therefore, is not brought within the St. 1902, c. 342, and, so far as appears, the pipes and mains were not taxable to the defendant as personal property.

Whether the defendant's holding under a lease is such as to make the pipes and mains real estate may depend upon facts which are not stated. At all events we have no occasion to consider the question at this time.

*Judgment affirmed.*