HENRY HILLIARD *vs.* FELLS ICE COMPANY.

Essex.   November 4, 1908. — January 4, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Tax.   Corporation,* Foreign.

Under St. 1903, c. 437, § 71, which provides that every foreign corporation which
    is subject to the provisions of that act "shall be subject to taxation upon all real
    estate, machinery and merchandise owned by it and situated in this Common-
    wealth by the city or town in which such property is situated," and providing
    further that "the taxes authorized by the provisions of this section shall be
    assessed, collected and paid in accordance with the provisions of chapters twelve
    and thirteen of the Revised Laws," machinery and merchandise belonging to a
    foreign corporation which is subject to the provisions of the act are subject to
    local taxation in the city or town where they are situated in the same way as
    the real estate belonging to such corporation, although the corporation does not
    hire or occupy a manufactory, store or shop in the city or town and therefore
    its machinery and merchandise are not taxable there under clause 1 of R. L.
    c. 12, § 23.   This clause is inapplicable, the reference in St. 1903, c. 437, § 71,
    to the provisions of chapters twelve and thirteen of the Revised Laws being
    merely for the purpose of directing how the tax that is authorized shall be
    assessed and collected.

MORTON, J.   This is a petition brought by the collector of
taxes for the town of Georgetown under St. 1902, c. 349, to
restrain the respondent, a foreign corporation organized under
the laws of Maine, from doing business in this Commonwealth,
until a tax, alleged to have been duly and lawfully assessed
upon it by the assessors of Georgetown, shall have been paid.
The case was heard upon agreed facts and a decree was entered
in favor of the petitioner restraining the respondent from doing
business in this Commonwealth "until the tax mentioned in the
complainant's petition with all incidental costs and charges
including the costs of this suit shall have been paid."   The
respondent appealed from this decree.

The respondent carries on the retail ice business in Malden
where it has its only office, keeps its books, employs an office
force, keeps its wagons and horses, has its stables and transacts
all its business.   One of the sources of its ice supply is at
Georgetown where it owns several ice houses on the shores of
Pentucket Pond, a great pond, in which it stores ice cut on that

pond.  The ice so cut is transported to Malden and theie used by the respondent in its retail business.  It sells only such ice as it cuts and stores itself.  It has a steam engine and boiler at its ice houses at Georgetown which are only used for cutting and storing ice in those houses and has no other personal property in Georgetown except the ice harvested and stored in those ice houses for its use in Malden.  It transacts no business at Georgetown except what is essential to the cutting, storing and delivering of the ice pursuant to orders from the Malden office. It is agreed that the ice is merchandise and constitutes the respondent's stock in trade.  In 1907 the town of Georgetown assessed the tax in question upon the steam engine, boiler and the ice stored in the ice houses, and the only question is whether the tax so assessed was a valid tax.

St. 1903, c. 437, § 71, provides that ". . . every foreign corporation which is subject to the provisions of this act shall be subject to taxation upon all real estate, machinery and merchandise owned by it and situated in this Commonwealth by the city or town in which such property is situated.  The taxes authorized by the provisions of this section shall be assessed, collected and paid in accordance with the provisions of chapters twelve and thirteen of the Revised Laws."

It is not contended that the respondent was not subject to the provisions of St. 1903, c. 437, and it is plain that it had machinery and merchandise in the town of Georgetown where the tax in question was assessed.  The respondent did not hire or occupy a manufactory, store, or shop in Georgetown, and therefore did not come within R. L. c. 12, § 23, cl. 1, and was not taxable there under that clause for the engine, boiler and ice. *Hittinger* v. *Westford,* 135 Mass. 258.  *Hittinger* v. *Boston,* 139 Mass. 17.  *Coffin* v. *Artesian Water Co.* 193 Mass. 274.  And the respondent contends that, inasmuch as the taxes authorized by § 71, *supra,* are to be "assessed, collected and paid in accordance with the provision of chapters twelve and thirteen of the Revised Laws," it follows that this tax was not lawfully assessed.  But the reference to those chapters is for the purpose of providing generally how the tax that is authorized shall be assessed and collected.  Except for such a reference the Legislature would have been obliged to provide at length for the

assessment and collection of the tax. To give the provision any other construction would nullify the requirement that the real estate, machinery and merchandise belonging to a foreign corporation and situated in this Commonwealth shall be taxed to it in the city or town where it is situated. It is manifest, we think, that it was the intention of the Legislature that machinery and merchandise belonging to foreign corporations should be subject, like real estate belonging to them, to local taxation in the city or town where it was situated, and that the laws relating to the assessment and collection of taxes on property so situated should apply in these as in other cases. This construction of the statute rendered it unnecessary to refer in it by way of repeal or otherwise to the clause relied on by the respondent. It plainly would be inapplicable.

*Decree affirmed.*

*R. F. Metcalf,* for the petitioner.

*B. M. Fernald,* for the respondent, submitted a brief.