SOUTHEASTERN SAND AND GRAVEL, INC. *vs.* COMMISSIONER
OF REVENUE.

Suffolk. November 4, 1981. — December 23, 1981.

Present: HENNESSEY, C.J., LIACOS, NOLAN, & LYNCH, JJ.

*Taxation,* Manufacturing corporation. *Words,* "Manufacturing."

The Appellate Tax Board was warranted in finding that a corporation en-
gaged in quarrying and crushing stone was not a "manufacturing" cor-
poration for the purposes of G. L. c. 63, § 38C, and c. 59, § 5, Six-
teenth (5). [795-796]

The Appellate Tax Board lacked jurisdiction to consider a corporation's
application to be classified as a corporation engaged in manufactur-
ing, where the application was filed after the thirtieth day following
distribution of the classification list by the Commissioner of Revenue
under G. L. c. 58, § 2. [796]

APPEAL from a decision of the Appellate Tax Board.

*Lothrop Withington, III,* for the taxpayer.

*Ellen L. Janos,* Assistant Attorney General, for the de-
fendant.

NOLAN, J. The taxpayer, Southeastern Sand and Gravel,
Inc., filed with the State Tax Commission (now denominat-
ed the Department of Revenue, St. 1978, c. 514, § 5), an
application requesting classification as a manufacturing
corporation. The application was denied. The taxpayer
appealed the denial to the Appellate Tax Board (board).
The board sustained the denial and the taxpayer argues
twofold error in the decision of the board. There was no er-
ror in the board's decision in favor of the Commissioner of
Revenue that for the year 1977 the taxpayer was not engaged
in manufacturing for the purpose of an exemption, within
the sweep of G. L. c. 63, § 38C, and c. 59, § 5, Sixteenth (5).
Equally free of error was the board's decision dismissing for
lack of jurisdiction the taxpayer's petition for the year 1976,
in which it sought a similar declaration.

1. From the board's findings of fact and report we learn that the taxpayer's business consists of excavating gravel, loading it into trucks, and hauling it to the plant where it is crushed and screened for size. "Oversized material is then recrushed until the individual pieces are no longer than an inch and a half in circumference. It is then placed on a screen with water added. The result is three divisions of stone and one of sand. The stone is then sold to others. . . ." The taxpayer does not manufacture bricks or concrete blocks but sells its stone to others who manufacture blocks and asphalt. The taxpayer "merely crushes rock into smaller and smaller pieces."

Appellate review is especially narrow in this case. The decision of the board is final as to findings of fact, if there is substantial evidence to support the findings. G. L. c. 58A, § 13. *New Boston Garden Corp.* v. *Assessors of Boston,* 383 Mass. 456, 465-467 (1981). *Schlaiker* v. *Assessors of Great Barrington,* 365 Mass. 243, 245 (1974). Our review is limited to questions of law. *Coomey* v. *Assessors of Sandwich,* 367 Mass. 836, 839 (1975). It cannot be said that the taxpayer has proved that it is engaged in manufacturing within G. L. c. 63, § 38C. While it is true that the term "manufacturing" is chameleon-like in the different definitions given to it, see *Commissioner of Corps. & Taxation* v. *Assessors of Boston,* 324 Mass. 32, 36-37 (1949), the taxpayer has not demonstrated that the board was wrong as matter of law in deciding that it was not engaged in manufacturing. An examination of the cases in this sector permits a definition of manufacturing as a process of change effectuated by the use of forces directed by a human mind, resulting in the transformation of some preexisting substance into something different, carrying a different name and nature and adapted to a new use. See *Charles River Breeding Laboratories, Inc.* v. *State Tax Comm'n,* 374 Mass. 333, 335 (1978) (breeding of animals is not manufacturing); *Franki Foundation Co.* v. *State Tax Comm'n,* 361 Mass. 614, 619-620 (1972) (construction of footings is not manufacturing). But see *Joseph T. Rossi Corp.* v. *State Tax*

*Comm'n,* 369 Mass. 178, 180-181 (1975) (process of converting logs into lumber is manufacturing).

We have not overlooked the holding in *Wellington* v. *Belmont,* 164 Mass. 142, 143 (1895), on which the board relied, to the effect that quarrying stone and crushing it is not manufacturing. That *Wellington* was decided under a different statute from the one here under review is not controlling. The taxpayer's reliance on *Rowe Contracting Co.* v. *State Tax Comm'n,* 361 Mass. 158 (1972), however, is misplaced because *Rowe* concerned the activity of processing materials for the purpose of a sales tax, whereas here the board is concerned with the question of manufacturing for the purpose of local taxation.

The taxpayer seeks an exemption. "An exemption is a matter of special favor or grace and to be recognized only where the property falls clearly and unmistakably within the express words of a legislative command." *Children's Hosp. Medical Center* v. *Assessors of Boston,* 353 Mass. 35, 43 (1967). This test has not been met.

2. The board found that the Commissioner of Revenue, in accordance with G. L. c. 58, § 2, distributed a list to the board of assessors on July 16, 1976, classifying those corporations engaged in manufacturing, as outlined in c. 63, § 38C. The taxpayer filed its application on August 18, 1976, to be classified as a corporation engaged in manufacturing. By force of statute (G. L. c. 58, § 2), this filing was required to be made no later than the thirtieth day after the distribution of the classification list. It was filed late and, accordingly, it left the board with no jurisdiction over the application. If the board were mistaken in ruling that it had no jurisdiction the taxpayer would be in no better position, because in 1976 it was engaged in the same business as it was in 1977, the year for which the board rendered its decision to the effect that the taxpayer was not engaged in manufacturing.

*Decision of the Appellate
Tax Board affirmed.*