YORK STEAK HOUSE SYSTEMS, INC. *vs.* COMMISSIONER OF
REVENUE.

Suffolk.  October 2, 1984. — December 6, 1984.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Taxation,* Manufacturing corporation. *Words,* "Manufacturing."

The process by which a restaurant corporation thawed meat in Massachusetts
    under controlled conditions as part of a tenderizing and seasoning treat-
    ment did not constitute "manufacturing," so as to entitle the corporation
    to be classified as a "manufacturing corporation" for purposes of G. L.
    c. 59, § 5, Sixteenth (3). [425-426]

APPEAL from a decision of the Appellate Tax Board.

*Mark A. Michelson (Thomas E. Greene,* of Minnesota, with
him) for the taxpayer.

*Jamie W. Katz,* Assistant Attorney General, for the Commis-
sioner of Revenue.

NOLAN, J. The single issue in this appeal is the correctness
of the decision of the Appellate Tax Board (board) to the effect
that York Steak House Systems, Inc. (York), does not qualify
as a manufacturing corporation under G. L. c. 58, § 2. We
find no error in this decision.

York is a corporation organized under the laws of Ohio and
its principal place of business is in Columbus, Ohio. It is
qualified to do business in Massachusetts. The Commissioner
of Revenue (commissioner) on April 28, 1982, pursuant to
G. L. c. 58, § 2, forwarded to the board of assessors of each
municipality in the Commonwealth a list of corporations known
to him to be liable to taxation on January 1, 1982. This list
included four corporations which were merged into York prior
to January 1, 1982. York filed a timely appeal to the board in
conformity with G. L. c. 58, § 2.

The effect of this listing was to deny to York the classification
of manufacturing corporation, which status would free the

machinery of York from local property taxation. G. L. c. 59, § 5, Sixteenth (3). Although such classification has been denominated an "exemption," though not a true exemption (see *Joseph T. Rossi Corp.* v. *State Tax Comm'n*, 369 Mass. 178, 179-180 [1975]), it does not free a corporation from all taxation. The machinery of a corporation which enjoys such exemption is not subject to a local tax, but the corporation is liable to taxation by the Commonwealth under G. L. c. 63. See *Assessors of Holyoke* v. *State Tax Comm'n*, 355 Mass. 223, 234 (1969).

The case was presented to the board on a stipulation with briefs. The board found as follows. York purchases commercial grades of meat and processes this meat outside Massachusetts. The processing includes trimming, tempering, placing the meat in a mechanical tenderizer, and introducing enzymes and seasonings. The meat is then vacuum packed in a polyurethane sleeve and frozen to −40°F. In this condition, the meat is shipped to York locations throughout the country, including its restaurants in Massachusetts.

In Massachusetts, York causes the meat to be defrosted by placing the steaks on a rack where, 36 to 72 hours before use, they are arranged to thaw in controlled stages. The racks are designed to permit an even air flow over the steaks, which are first placed in a temperature-controlled room where the temperature is brought up to 32°F. in four and one-half hours. Then they are placed in a refrigerator where the temperature rises to 35°F. They are maintained at that level for thirty hours. As a result, the defrosting takes place evenly, at a uniform rate. The thawing process allows the enzymes to break down and react on the muscle tissue, hemoglobin, blood cells and proteins of the meat.

The narrow question is whether this process which takes place in Massachusetts is manufacturing. We have recognized in our cases the elusiveness of the term "manufacturing." *Southeastern Sand & Gravel, Inc.* v. *Commissioner of Revenue*, 384 Mass. 794, 795 (1981). *Commissioner of Corps. & Taxation* v. *Assessors of Boston*, 324 Mass. 32, 36 (1949). However, we perceive no error in the board's conclusion that processing

in Massachusetts amounts to no more than "the thawing and cooking of food, much like any restaurant."

Though our cases are replete with different definitions of "manufacture," one element common to all seems to be the requirement of change. In one case, we described change as a process "resulting in the transformation of some preexisting substance into something different, carrying a different name and nature and adapted to a new use." *Southeastern Sand & Gravel, Inc.* v. *Commissioner of Revenue, supra.*

The board ruled correctly that no change resulted from the processing that occurred in Massachusetts. The board observed that "a frozen steak is delivered to the restaurant location and a cooked steak is served. There is no significant change in the steak from when delivered until it is served." We agree. Since no significant change occurred in Massachusetts, no manufacturing took place.

The decision of the Appellate Tax Board is affirmed.

*So ordered.*