MELVIN RABINOVITZ, executor, vs. COMMISSIONER OF
REVENUE.

Suffolk. September 11, 1985. — November 4, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Taxation,* Estate tax. *Appellate Tax Board,* Findings, Report.

The full amount of numerous bank accounts, held jointly by a decedent and
one or another of her children, was properly included in the decedent's
gross estate, with the exception of three contributions which were shown
to have come from the children. [134-135]

In a proceeding seeking abatement of estate tax, the Appellate Tax Board
made sufficient findings as to the decedent's lack of donative intent
respecting amounts held in numerous joint bank accounts. [135]

Where the member of the Appellate Tax Board who heard the evidence in
a tax abatement proceeding resigned after he had signed an order an-
nouncing the board's findings, but before the board issued its final
decision, which it had withheld only for computation of the amount of
an abatement, the taxpayer was not thereby entitled to a new hearing.
[135-136]

APPEAL from a decision of the Appellate Tax Board.

*Robert Cohen* for the taxpayer.

*Douglas H. Wilkins,* Assistant Attorney General, for the
Commissioner of Revenue.

NOLAN, J. Melvin Rabinovitz (taxpayer) was appointed
executor of his mother's estate in February, 1980. Alice
Rabinovitz (the decedent), his mother, was survived by the
taxpayer, another son, and a daughter. Their father (the dece-
dent's husband), Joseph Rabinovitz, died in 1941. The taxpayer
disclosed thirteen joint bank accounts in the estate tax return
but did not include them as assets in the decedent's gross estate
for purposes of the Massachusetts estate tax because, he argues,
the accounts held jointly by the decedent and her children were
not the property of the decedent. Five accounts were held
jointly with the taxpayer, four with her other son, and four
with her daughter.

The defendant (commissioner) determined that the full amount of all thirteen accounts was includable in the gross estate and sent a notice of assessment to the taxpayer, who paid the tax and filed an application for abatement with the commissioner. After the commissioner denied the application, the taxpayer appealed to the Appellate Tax Board (board). There was a hearing before a single member of the board, and ultimately the board decided that the entire amount in the joint accounts was properly included in the gross estate with the exception of three contributions made by the children in the 1940's. The taxpayer appealed to this court. G. L. c. 58A, § 13 (1984 ed.). We affirm the board's decision.

The board found that two of the thirteen bank accounts were opened in the name of Joseph Rabinovitz in trust for one of the children. The decedent's name later replaced Joseph's on the account, though there is no explanation in the record about this change. Eight were opened in the name of the decedent in trust for one of the children and three accounts were opened as joint accounts in the name of the decedent and one of the children. By the time of Alice Rabinovitz's death, all the accounts originally opened in trust for one of the children had been changed to joint accounts. The taxpayer complains of three errors: (1) inclusion of the accounts in the gross estate; (2) failure of the board to articulate subsidiary findings in support of its decision, and (3) denial of his motion for a new hearing.

1. *Inclusion of joint accounts in gross estate.* The term "gross estate" under Massachusetts tax law tracks the definition of that term under Federal law with an exception not material here. G. L. c. 65C, § 1(f) (1984 ed.). The federal law in effect at the time of Alice Rabinovitz's death defined "gross estate" as follows: "The value of the gross estate shall include the value of all property to the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof *as may be shown* to have originally belonged to such

other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth" (emphasis added). I.R.C. § 2040(a) (1976). Findings of fact of the board are final if supported by substantial evidence. G. L. c. 58A, § 13. *Southeastern Sand & Gravel, Inc.* v. *Commissioner of Revenue,* 384 Mass. 794, 795 (1981). The burden of satisfying the board that the taxpayer and his brother and sister contributed money to the account is on the taxpayer, and the board ruled that he had not satisfied this burden except as to three contributions earlier mentioned. This finding is conclusive because the record does not contain a transcript of the evidence. See G. L. c. 58A, § 10 (1984 ed.); *Montaup Electric Co.* v. *Assessors of Whitman,* 390 Mass. 847, 848-849 (1984).

2. *Failure to articulate findings.* The short answer to the taxpayer's claim that the board failed to make sufficient subsidiary findings is that the contention is wrong. The board made extensive findings as to the absence of the decedent's donative intent. The board found that she had retained the right to withdraw funds and to acquire full ownership on the death of the joint owner. The decedent had opened at the bank a safe deposit box in which the bank books reposed. Only the taxpayer and the decedent had keys to the safe deposit box. The decedent had the right to transfer funds from one account to another. The decedent reported the interest on the accounts in her individual income tax returns since 1941.

The taxpayer has not provided this court with a transcript of the proceedings. The absence of a transcript makes it impossible to determine whether more findings might have been made. However, we are satisfied that the findings made as to the absence of a donative intent on the part of the decedent are sufficient.

3. *Denial of motion for new hearing.* The board member who heard the evidence resigned before the board issued its findings of fact and report. The taxpayer argues that he should have been given a new hearing before a member who could participate in the preparation of the report. There is no merit to this argument.

The board had the benefit of a transcript of evidence and the exhibits produced at the hearing before the member. The board had determined the facts as to what contributions to the joint accounts were made by the taxpayer and his brother and sister prior to the resignation of the member who heard the case. The board announced its findings as to contributions in an order under Rule 33 of the Rules of Practice and Procedure of the Appellate Tax Board (1982), and the member who heard the case signed the order before he resigned. It was issued before he resigned. The order stated, after acknowledging the three contributions made by the taxpayer and his brother and sister to which we have already referred: "The board finds that with respect to all sums other than the contributions specifically listed above the appellant has not satisfied his burden of proof." This finding, which the member who heard the case signed before he resigned, is conclusive and determinative of the case. The board withheld its final decision only while awaiting the computation of the amount of the abatement to be entered under rule 33 of the board.

Furthermore, neither by statute nor rules of the board is there a requirement that the member who presides at the hearing must participate in the preparation of the report. See *Stilson* v. *Assessors of Gloucester,* 385 Mass. 724, 731 (1982).

The decision of the board is affirmed.

*So ordered.*