Pamela Owens (“Plaintiff”) was recently appointed to serve as Special Representative of the Estate of William A. Owens (“Owens”), her deceased spouse. In that capacity, she claims that Mr. Owens entered into a joint venture or partnership with Raymond Martin (or his company Crescent Hill Partners, LLC) to provide financial planning and investment advice to individuals, and that Defendants failed to pay Owens his full share of the venture’s or partnership’s profits. Plaintiff claims in the alternative that if Owens was not a joint venturer or partner then he was an employee and is owed unpaid wages as well as compensation for alleged unjust enrichment, and that if Owens was instead an independent contractor then Defendants are liable in some way for engaging in unfair or deceptive practices in violation of G.L. c. 93A.
Defendants have moved for summary judgment on all claims. That gave rise to several motions to strike.
The Court concludes that the recent Probate Court order allowing Plaintiff’s motion to be appointed Special Personal Representative for Owens’ Estate gives Plaintiff standing to bring this action. The Court will allow Plaintiff’s motion to strike the declaration of Victoria Breen and deny Defendants’ motion to strike the Form ADV filed as Exhibit 25 to the summary judgment motion. With respect to Defendants’ motion for summary judgment, the Court will allow the motion in part with respect to Plaintiff’s claims for declaratory judgment as to the enforceability of Owens’ Independent Contractor Agreement (count II of the amended complaint) and under the Wage Act (count VIII), the Minimum Wage Act (count IX), and G.L. c. 93A (count X). It will otherwise deny the motion with respect to the challenge to Plaintiff’s standing and to Plaintiff’s other claims, including the claims concerning the alleged joint venture or partnership.
 
                                                            -1-
1. Standing. The Court will first address Defendants’ argument that they are entitled to summary judgment on all claims because Plaintiff lacks standing to bring this action, since that concerns whether the Court has subject matter jurisdiction to hear the case at all. See generally Ginther v. Comm’r  of Ins.,    427 Mass. 319, 322 & n.6 (1998) (since standing is issue of subject matter jurisdiction that “goes to the power of the court to hear and decide the matter,” court must “consider that question first”).
Defendants argued that because Plaintiff was merely a “voluntary personal representative” of the Estate under G.L. c. 190B, § 3-1201, she only had authority to act with respect to personal property worth less than $25,000 that she had identified as assets of the Estate in a filing with the Probate Court.
In response, Plaintiff filed an Emergency Motion in the Probate Court asking to be appointed Special Personal Representative of the Estate. The Court takes judicial notice that on February 27, 2026, the Probate Court allowed that motion and entered an order appointing Plaintiff as Special Personal Representative with the authority to act pursuant to G.L. c. 190B, §§ 3-614, 3-617, and 3-715 et seq. “to collect and manage the assets of the estate.”[1]
This new order cures any defect in Plaintiff’s standing to prosecute the claims in this case. See Matter of Estate of Slavin, 492 Mass. 551, 557–558 (2023).
2. Motions to Strike. Both sides have filed motions to strike parts of the summary judgment record.
2.1. Victoria Reen Declaration. Plaintiff has moved to strike the Declaration of Victoria Reen. Defendants have the burden of “show[ing] affirmatively” that their summary judgment affiants are “competent to testify to the matters stated” in their affidavits. Mass. R. Civ. P. 56(e). The have not met that burden with respect to Ms. Reen’s declaration. The Court will therefore allow Plaintiff’s motion to strike the Reen declaration. See Stanton Industries, Inc. v. Columbus Mills, Inc., 4 Mass. App. Ct. 793, 794 (1976) (rescript) (court must disregard summary judgment affidavit from witness not shown to be competent to testify to assertions in affidavit).
First, the original Reen declaration is not admissible evidence, and may not be considered as support for Defendants’ summary judgment motion, because “it
 
--------------------------------------------
 
[1] The Probate Court’s order says the appointment will expire on May 26, 2026. If this civil action is not resolved by then, Plaintiff may need to seek an extension under G.L. c. 190B, § 3-617(a).
 
                                                            -2-
 
was  not  sworn  to  or  signed  under  the  penalties  of  perjury.”[2]   Bardige  v. Performance Specialists, Inc., 74 Mass. App. Ct. 99, 103 (2009), quoting O’Brion, Russell & Co. v. LeMay, 370 Mass. 243, 245 (1976).
If this were the only problem with this declaration it could be cured by permitting Defendants to file the proposed substitute declaration, which Ms. Reen signed under the penalties of perjury. But there are other fatal defects.
Second, most of the substantive paragraphs in this declaration purport to authenticate and draw conclusions based on documents provided by Fidelity Brokerage Services LLC. But Ms. Reen does not say that she was a keeper of records for Fidelity, or even that she ever worked for Fidelity Brokerage Services in any other capacity. Instead, Reen represents that she is (or was) employed by National Financial Services LLC. Though Defendants’ counsel represents that National Financial Services is owned by an entity that may be an affiliate of Fidelity Brokerage Services, that does not establish that Reen has any personal knowledge as to the authenticity of these documents or any basis for sharing her opinion as to what the documents show.
To the extent that these paragraphs of the Reen declaration implicitly convey that someone at Fidelity told Reen that the documents are authentic, that constitutes inadmissible hearsay that the Court may not consider in deciding the summary judgment motion. See Symmons v. O’Keefe, 419 Mass. 288, 295 (1995) (“inadmissible hearsay” may not be considered in deciding summary judgment motion).
And to the extent that these paragraphs convey Reen’s opinion as to what the attached documents establish, those opinions are also inadmissible and may not be considered. See Somers v. Converged Access, Inc., 454 Mass. 582, 597 (2009) (inadmissible lay opinion cannot be considered in evaluating summary judgment motion); Borella v. Renfro, 96 Mass. App. Ct. 617, 625 n.22 (2019) (same).
 
--------------------------------------------
 
[2] “Sworn to” and “signed under the penalties of perjury” are two different ways of saying the same thing. The words “subscribed and sworn to” imply that the affiant or other signatory swore that their statements were true. See Lord v. Rowse, 195 Mass. 216 (1907). Thus, each such signatory faces the threat of being penalized for committing perjury if any of their sworn statements were false. “Under G.L. c. 268, § 1, one who willfully swears or affirms falsely regarding a material issue in an adjudicatory proceeding … is guilty of perjury.” Fisher v. Lint, 69 Mass. App. Ct. 360, 368 n.11 (2007).
 
                                                            -3-
 
Third, paragraphs 7 and 10 are rank hearsay. In both paragraphs, Reen says, “I have been advised by counsel to Fidelity responsible for responding to third- party discovery in this matter that, after a reasonably diligent search,” Fidelity could not locate certain categories of documents. Those paragraphs are being offered to establish that the out-of-court statements allegedly conveyed to Reen are true. They are therefore inadmissible hearsay. See Commonwealth v. Mendes, 463 Mass. 353, 367–368 (2012) (rule against hearsay bars admission of out-of- court statements offered to prove that statement was true).
2.2. Exhibit 25. Defendants have moved to strike one version of the Form ADV filed by Sage Hill Partners LLC (the prior name of defendant Crescent Hill Partners LLC) and replace it with another. Form ADV is the form used by investment advisors to register with the federal Securities and Exchange Commission (or “SEC”).
Plaintiff’s counsel represents that she obtained the current Exhibit 25 from the SEC in response to a Freedom of Information Act (“FOIA”) request. On its face, Exhibit 25 appears to be a Form ADV that Raymont Martin filed on March 28, 2014, on behalf of Sage Hill Partners, LLC, as it’s “Annual Amendment”. The form states that the company’s primary business name was “Crescent Hill Partners LLC.” Of significance to the Plaintiff, this March 2014 Form ADV lists Williams Owens, COO (i.e., Chief Operating Officer), as an additional regulatory contact person.
Defendants ask the Court to strike the current Exhibit 25 and replace it with an “Other-Than-Annual-Amendment” Form ADV that was filed on behalf of Crescent Hill Partners LLC on April 29, 2014. This amendment changed the name of the filing entity from Sage Hill Partners LLC to Crescent Hill Partners LLC. But it lists William Owens as COO of and an additional regulatory contact person for the company. Plaintiff opposes this motion.
Defendants argue that the March 2014 Form ADV should be stricken because it is “redlined” and “unauthenticated.”
Tellingly, however, Defendants do not assert that the current Exhibit 25 is not authentic. Instead, they ask the Court to strike it because Plaintiff has not yet jumped through the hoops needed to make the document automatically admissible. In other words, it appears that Defendants have filed this motion to strike merely to be difficult, or because they believe that the March 2014 Form ADV contains information that may help Plaintiff prove their case, and
 
                                                            -4-
 
not because there is an actual dispute as to whether the current Exhibit 25 is authentic.
The Court will exercise its discretion and deny this motion to strike.
By statute, copies of documents that have been filed with the SEC are admissible in Massachusetts so long as they are properly authenticated by the SEC. See G.L. c. 233, § 76A.
In the Superior Court, judges expect all parties to stipulate to the authenticity of their own documents—whether the party has produced the document during discovery or filed it with a regulatory agency like the SEC—unless there is an actual dispute as to authenticity.
If a party fails to stipulate to the authenticity of their own documents where authenticity is not actually in dispute, and as a result forces their opponent to incur unnecessary costs to authenticate the party’s own document, the trial judge would have broad discretion to exercise their inherent power to impose appropriate sanctions upon the party who is being unnecessarily difficult.     A trial judge has inherent power to manage its docket “to achieve the orderly and expeditious disposition of cases.” Sommer v. Maharaj, 451 Mass. 615, 621 (2008), quoting Link v. Wabash R.R., 370 U.S. 626, 630–631 (1962). This includes the “inherent power to impose sanctions for misconduct” that obstructs or interferes with “the fair administration of justice.” See Rental Property Mgmt. Svcs. v. Hatcher, 479 Mass. 542, 556 (2018).
For present purposes, the Court will assume that Plaintiff could obtain certification sufficient to meet the requirements of G.L. c. 233, § 76A.
It will therefore exercise its discretion to take judicial notice of the March 2014 Form ADV, solely for the purposes of deciding Defendants’ summary judgment motion.
The Court may take judicial notice of facts “capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned.” Commonwealth v. Greco, 76 Mass. App. Ct. 296, 301 n.9, rev. denied, 457  Mass.  1106  and  458  Mass.  1105  (2010),  quoting  Mass.  Guide  Evid. § 201(b)(2). For example, the Court may take judicial notice of “matters of public record.” Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000); accord Tilcon- Warren Quarries Inc. v. Commissioner of Revenue, 392 Mass. 670, 671 n.4 (1984) (taking notice of Commissioner’s list of manufacturing corporations); Marhefka
 
                                                            -5-
v. Zoning Bd. of Appeals of Sutton, 79 Mass. App. Ct. 515, 516 n.5 (2011) (taking notice of local assessor’s online database).
This includes taking judicial notice of the content of SEC filings that are publicly accessible, either through the SEC’s public databases or by serving a FOIA request. See Williams v. Caption Mgmt. LLC, no. 24-CV-01018 (ALC), 2025 WL 896888, at *1 n.1 (S.D.N.Y. March 24, 2025) (taking notice of SEC Form ADV filed by defendants); Securities and Exchange Comm’n v. Cutter Financial Group, LLC, no. 23-cv-10589-DLC, 2023 WL 8653927, at *5 n.3 (D.Mass. Dec. 14, 2023) (Casper, J.) (same); In re Packaged Seafood Products Antitrust Litig., no. 15-MD- 2670 DMS (MDD), 2022 WL 836951, at *4 n.13 (S.D. Cal. March 21, 2022); see generally Fire & Police Pension Ass'n of Colorado v. Abiomed, Inc., 778 F.3d 228, 232 n.2 (1st Cir. 2015) (trial court properly considered contents of defendant’s filings with SEC in deciding motion to dismiss, even though they were not referenced in or attached to the complaint); accord Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) (same); Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (same); Yates v. Municipal Mortg. & Equity, LLC, 744 F.3d 874, 881 (4th Cir. 2014) (same); Basic Capital Mgmt, Inc. v. Dynex Capital, Inc., 976 F.3d 585, 589 (5th Cir. 2020) (same); Northstar Financial Advisors Inc. v. Schwab Investments, 779 F.3d 1036, 1043 (9th Cir. 2015) (same); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276–1277 (11th Cir. 1999) (same). See also, e.g., In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Pracs. & Prods. Liab. Litig., 288 F. Supp. 3d 1087, 1211 (D.N.M. 2017) (court may and did take judicial notice of documents obtained through FOIA request as matters of public record); In re Am. Apparel, Inc. Shareholder Litig., 855 F. Supp. 2d 1043, 1064 (C.D. Cal. 2012) (same).
3. Defendant’s Motion for Summary Judgment. Defendants are entitled to summary judgment on some but not all of the claims against them.
3.1. Joint Venture Claims. Defendants argue that they are entitled to summary judgment in their favor on the claims seeking a declaratory judgment that Owens and Martin formed a joint venture (count I), for breach of fiduciary duties relating to the alleged joint venture (count III), and for an accounting as to Owens’ ownership interest in the claimed joint venture (count VI).
The Court concludes that a reasonable jury could find in Plaintiff’s favor on these claims, which means that Defendants are not entitled to summary judgment. A court may not grant summary judgment where, as here, “a reasonable jury could return a verdict for the nonmoving party.” Dennis v. Kaskel, 79 Mass. App. Ct. 736, 741 (2011), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
                                                            -6-
 
Although the complaint alleges that Owens and Martin entered into a “joint venture,” Plaintiff argues in her opposition memorandum that Owens and the Defendants entered into a “partnership.” For present purposes it appears that “nothing turns on the distinction.” Doiron v. Castonguay, 401 Mass. 705, 707 (1988). A “joint venture” is “similar to a partnership; it differs from a partnership in that it is ordinarily limited to a single enterprise,” National Sch. Bus Serv., Inc. v. Comm'r of Dept. of Emp. & Training, 49 Mass. App. Ct. 445, 453 n.13 (2000), or “to a single transaction,”  Gurry  v.  Cumberland  Farms,  Inc., 406 Mass. 615, 623 (1990). “Generally the relationships between the parties to a joint venture are so similar to those of partners that their rights, duties, and liabilities are tested by similar or identical rules.” Doiron, 401 Mass. at 707 n.2; accord Berwin v. Cable, 313 Mass. 431, 435 (1943). That is why the Partnership Act, G.L. c. 108A, “is generally applicable to joint ventures by analogy, though it does not govern directly.” BPR Grp. Ltd. P'ship v. Bendetson, 453 Mass. 853, 861 (2009), quoting Doiron, 401 Mass. at 707 n. 2.
The standards for determining whether parties formed a joint venture or a partnership are the same as well. A joint venture or a partnership is formed when the participants in a business enterprise intend to operate as joint venturers or partners who will share in all aspects of and responsibility for their shared business. Shain Inv. Co., Inc. v. Cohen, 15 Mass. App. Ct. 4, 7–9 (1982) (“As among the parties, the existence of a partnership or a joint venture depends upon their intent to associate as such.”). “In Massachusetts, factors indicating such an intent include an agreement among the participants for joint profits and a sharing of losses; a contribution of money, assets, talents, etc., to a common undertaking; a joint property interest in the subject matter of the venture; and a right to participate in the control of the venture.” Gurry, 406 Mass. at 623–624.
Based on the evidence in the summary judgment record, a jury could find that Martin and Owens agreed to form a joint venture or partnership and to share profits and losses, and that Owens contributed talents and other assets to the venture.[3] A reasonable jury could therefore find Martin entered into a joint venture or partnership with Owens, either directly or through Martin’s company Crescent Hill Partners LLC (“CHP”).
 
--------------------------------------------
 
[3] Defendants rely heavily on the declaration of Victoria Reen in arguing that Owens could not have contributed any assets to the alleged joint venture or partnership. But that declaration is not competent evidence for the reasons discussed above in § 2.1 of this decision.
 
                                                            -7-
 
Defendants argue that CHP could not itself constitute a joint venture because it was organized as a limited liability company under New York law. Though correct, this argument is beside the point.
Based on the summary judgment record, a reasonable jury could find that Martin was acting on behalf of CHP when he agreed to form a joint venture or partnership with Owens, and that therefore CHP, Martin, and Owens were all joint venturers. An LLC may form a partnership or joint venture with a natural person or with some other business entity. “A general partnership is merely ‘an association of two or more persons to carry on as co-owners a business for profit.’ ” Largo Realty, Inc. v. Purcell, 77 Mass. App. Ct. 162, 164 (2010), quoting G.L. c. 108A, § 6(1). This statutory reference to “persons” that may form a partnership “may describe natural persons or ‘corporations, societies, associations and partnerships.’ ” Cook v. Patient Edu, LLC, 465 Mass. 548, 553 n.11 (2013), quoting G.L. c. 4, § 7. “In 1995, the Legislature enacted G.L. c. 156C, the Massachusetts Limited Liability Company Act, see G.L. c. 156C, § 1, and provided that ‘person,’ where such reference includes any partnership, ‘shall be deemed to include a limited liability company.’  ” Id., quoting G.L. c. 156C, § 63(a). Since by statute any “person” may form a partnership with another “person,” and the term “person” encompasses LLCs, it necessarily follows that an LLC like CHP may form a partnership—or, by analogy, form a joint venture—with a natural person like Owens.
3.2. Contract Claims. Defendants argue that if they are entitled to summary judgment on the joint venture claims discussed above then it necessarily follows that they are also entitled to summary judgment on the very similar claims in counts IV and V for breach of contract. Since the Court has determined that Defendants are not entitled to summary judgment on the joint venture claims, then they have also not established any entitlement to summary judgment on the contract claims.
3.3. Employment Claims. Defendants are entitled to summary judgment as a matter of law on Plaintiff’s alternative claims that, if Owens was not a partner or joint venturer, then his Independent Contractor Agreement is not enforceable (count II) and Defendants are liable as joint employers for violating the Wage Act by not paying Owens in full for the hours that he worked during 2020 (count VIII) and by not paying him at least the required minimum wage (count IX).
It is undisputed that Owens informed Defendants of his hours worked by sending periodic invoices to CHP, during 2020 Owens sent invoices seeking
 
                                                            -8-
 
payments totaling $75,168.33, and CHP paid Owens that amount in full. It is also undisputed that Owens kept no time records from which any additional invoice could have been created.
Since the undisputed facts establish that CHP paid Owens the entire amount he requested during 2020, the Wage Act claim—which is based on unsupported allegations that Owens was not paid for all of his work during 2020—fails as a matter of law.
These facts also establish that Defendants are entitled to judgment as a matter of law on the minimum wage claim. Plaintiff is bound by the allegation in her complaint that Owens spent 1600 hours during 2020 working for CHP. See G.L. c. 231, § 87; Adiletto v. Brockton Cut Sole Corp., 322 Mass. 110, 112 (1947). Dividing the total amount that CHP paid to Owens for work during 2020 ($75,168.33) by the number of hours that Plaintiff said he worked that year (1600) produces an average hourly wage of $46.98. That is far above the $12.75 per hour minimum wage established by G.L. c. 151, § 1.
Finally, since the wage act and minimum wage claims fail as a matter of law, there is no actual controversy as to whether Owens’ Independent Contract Agreement was enforceable. That claim for declaratory relief was merely a predicate for the wage act and minimum wage claims. Without an actual controversy, Defendants are entitled to summary judgment dismissing count
II. See Alliance, AFSME/SEUI, AFL-CIO, v. Commonwealth, 425 Mass. 534, 537- 539 (1997) (in absence of actual controversy between the parties, claim for declaratory relief under G.L. c. 231A must be dismissed); Liakas v. Planning Bd. of Dracut, no. 18-P-1059, 2019 WL 1324748, at *1 (Mass. App. Ct. March 25, 2019) (affirming dismissal of action for declaratory relief on summary judgment for lack of actual controversy).
3.4. Unjust Enrichment Claim. Defendants are not entitled to summary judgment on the unjust enrichment claim in count VII.
At the very least, there is a triable issue as to whether Defendants were unjustly enriched by letting Owens pay half the rent for CHP’s office in Saratoga Springs, New York.
Though Defendants dispute that this ever happened, and Plaintiff has no supporting documentation, Plaintiff’s deposition testimony that Owens told her half of CHP’s rent was being deducted from his quarterly pay is competent evidence on the subject. Plaintiff may lawfully testify about statements that Owens made to her in good faith before he died; that evidence is not
                                                            -9-
 
inadmissible either on the ground that it is hearsay or that it was part of a private conversation between two spouses who are married to each other. See G.L. c. 233, § 65.
This is a disputed issue of material fact that will have to be resolved at trial.
3.5. Chapter 93A Claim. Defendants argue that they are entitled to summary judgment on the claim under G.L. c. 93A in count X “because CHP paid Owens all amounts that he invoice[.]”
Plaintiff does not seem to disagree, as she has not voiced any opposition to this aspect of the summary judgment motions. Plaintiff says she “concedes that if her husband [Owens] was a partner or employee of Defendants, she cannot maintain a claim under c. 93A” (see S.J. Opp. at 18 n.8). But nowhere in her written opposition does Plaintiff oppose the granting of summary judgment on her c. 93A claim.
The Court finds that Plaintiff has waived any ground for opposing the grant of summary judgment on her c. 93A claim, and will therefore allow this aspect of the motion. A party that opposes a motion in the Superior Court must submit a memorandum “that includes a statement of reasons, with supporting authorities, that the motion should not be allowed.” Sup. Ct. Rule 9A(a)(2). Failure to raise an argument or issue in a party’s written opposition to a summary judgment motion constitutes waiver. See Cary v. New England Organ Bank, 446 Mass. 270, 285 (2006) (issue waived where “plaintiffs never put the judge on notice that they opposed summary judgment on this theory”).
ORDERS
Defendant’s motion for summary judgment (docket no. 35) is allowed in part as to counts II, VIII, IX, and X of the amended complaint and is otherwise denied. Plaintiff’s motion to strike the declaration of Victoria Reen (docket no. 41) is allowed. Defendant’s motion to strike summary judgment exhibit 25 and substitute a revised Form ADV (docket no. 43) is denied.
The session clerk shall schedule a final pre-trial conference.
/s/Kenneth W. Salinger Justice of the Superior Court
March 18, 2026